Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
06/16/2017 09:13 AM CDT

STATE OF NEBRASKA, APPELLEE, V.
TAREIK Q. ARTIS, APPELLANT.
___ N.W.2d ___

Filed March 24, 2017.    No. S-16-464.

1. **Sentences: Appeal and Error.** An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court.

2. **Statutes: Appeal and Error.** The interpretation of a statute is a question of law.

3. **Judgments: Appeal and Error.** When reviewing a question of law, an appellate court reaches a conclusion independent of the lower court's ruling.

4. **Sentences.** When imposing a sentence, the sentencing judge should consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the violence involved in the commission of the offense. The sentencing court is not limited to any mathematically applied set of factors.

5. ____. The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life.

6. ____. It is within the discretion of the trial court to impose consecutive rather than concurrent sentences for separate crimes. This is true even when the crimes arise out of the same incident.

7. **Sentences: Appeal and Error.** While an appellate court typically reviews criminal sentences that are within statutory limits for abuse of discretion, the appellate court always reserves the right to note plain error which was not complained of at trial or on appeal.

8. **Appeal and Error: Words and Phrases.** Plain error is error of such a nature that to leave it uncorrected would result in damage to the integrity, reputation, or fairness of the judicial process.

9. **Sentences.** A determinate sentence is imposed when the defendant is sentenced to a single term of years.

10. ____. With a determinate sentence, the court does not provide a minimum term; the minimum term is considered to be the minimum term provided by law.

11. ____. When imposing an indeterminate sentence, a sentencing court ordinarily articulates either a minimum term and maximum term or a range of time for which a defendant is to be incarcerated.

12. ____. In Nebraska, the fact that the minimum term and maximum term of a sentence are the same does not affect the sentence's status as an indeterminate sentence.

Appeal from the District Court for Lancaster County: Lori A. Maret, Judge. Affirmed.

Robert Wm. Chapin, Jr., for appellant.

Douglas J. Peterson, Attorney General, and Sarah E. Marfisi for appellee.

Heavican, C.J., Wright, Miller-Lerman, Cassel, Stacy, Kelch, and Funke, JJ.

Kelch, J.

## I. NATURE OF CASE

Tareik Q. Artis was sentenced to not less than 2 years nor more than 2 years of imprisonment for possession of a controlled substance, a Class IV felony, and to 15 to 20 years' imprisonment for possession of a stolen firearm, a Class IIA felony. These sentences were ordered to be served consecutively. From these sentences, Artis appeals, alleging that they are excessive and that they should have been imposed to run concurrently.

While Artis' appeal was pending, a legislative bill[1] was enacted, which, among other things, amended Neb. Rev. Stat. § 29-2204.02 (Reissue 2016) to provide that "the court shall impose an indeterminate sentence" for Class IV felonies

---

[1] 2016 Neb. Laws, L.B. 1094 (effective Apr. 20, 2016).

imposed consecutively or concurrently with a sentence for a Class IIA felony "in accordance with the process set forth in section 29-2204."

In light of the amendment to § 29-2204.02, this court must determine whether Artis' sentence of not less than 2 years nor more than 2 years of imprisonment constitutes plain error.

## II. FACTS

### 1. BACKGROUND

On September 22, 2015, Artis was wanted for fleeing to avoid a traffic citation. In pursuit of Artis, a Lincoln police officer was patrolling by a residence that Artis was known to frequent. While the officer checked the residence, he observed a person driving away in a vehicle. As the vehicle passed the officer, the officer smelled marijuana and initiated a traffic stop. Artis was a passenger in the back seat of the vehicle.

The occupants were removed from the vehicle one at a time, with Artis being the last person to exit. Artis fled on foot, and a chase ensued. According to Artis' statement in the presentencing report, Artis had a gun and knew the officer had seen it. Artis then ran for a few blocks before he was surrounded by law enforcement. Artis kept running after officers told him to stop. At the time, Artis had the gun in his hand. Officers shot at Artis four times, hitting him three times.

Prior to being transported to the hospital, articles of Artis' clothing were removed by medical personnel and left at the scene. Found near his clothing was a white plastic cylinder containing 4.9 grams of cocaine. Also recovered at the scene was a .45-caliber semiautomatic pistol with a fully loaded magazine containing seven rounds, as well as two additional magazines, each fully loaded with seven rounds. A firearm "trace" revealed that the firearm had been stolen.

### 2. CHARGES AND PLEA AGREEMENT

Artis was originally charged with three counts of possession of controlled substances. Count I was for cocaine, and counts II and III were for oxycodone and alprazolam. Artis

was also charged with possession of a stolen firearm. Pursuant to a plea agreement, Artis pled no contest to one count of possession of a controlled substance (cocaine) and to possession of a stolen firearm. This was done in exchange for the State's dismissing the other two charges.

On April 11, 2016, Artis was sentenced to consecutive sentences of not less than 2 years nor more than 2 years of imprisonment for possession of a controlled substance and 15 to 20 years' imprisonment for possession of a stolen firearm. From these sentences, Artis timely appealed.

On August 4, 2016, the State filed a motion for summary affirmance, which the Nebraska Court of Appeals sustained on September 6. On that same date, the State filed a motion to withdraw its motion for summary affirmance and subsequently filed a motion for rehearing. The basis for these motions was the State's belief that there may have been plain error in Artis' sentence for possession of a controlled substance. In response, the Court of Appeals vacated its prior order and sustained the State's motion for rehearing. Because the claim raised by the State was thought to be an issue of first impression, we moved the case to this court's docket.[2]

### III. ASSIGNMENTS OF ERROR

Artis assigns that the district court erred (1) by imposing excessive sentences and (2) by not making his sentences concurrent.

### IV. STANDARD OF REVIEW

[1] An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court.[3]

---

[2] See Neb. Rev. Stat. § 24-1106(3) (Reissue 2016).

[3] *State v. Custer*, 292 Neb. 88, 871 N.W.2d 243 (2015); *State v. Cullen*, 292 Neb. 30, 870 N.W.2d 784 (2015); *State v. Ortega*, 290 Neb. 172, 859 N.W.2d 305 (2015); *State v. McGuire*, 286 Neb. 494, 837 N.W.2d 767 (2013); *State v. Dixon*, 286 Neb. 334, 837 N.W.2d 496 (2013).

[2,3] The interpretation of a statute is a question of law.[4] When reviewing a question of law, an appellate court reaches a conclusion independent of the lower court's ruling.[5]

## V. ANALYSIS

We first review Artis' assigned errors before considering the State's contention that Artis' sentence for his conviction of possession of a controlled substance, a Class IV felony, constitutes plain error.

### 1. Artis' Assigned Errors

Artis assigns that the trial court erred in imposing excessive sentences and erred in failing to make his sentences concurrent. We note that Artis does not argue that his sentences exceed the statutory limits, but instead claims that the sentences are excessive in light of his age and "minimal criminal history."[6] He suggests that one concession the trial judge could have made was to make Artis' sentences run concurrently rather than consecutively.

[4-6] When imposing a sentence, the sentencing judge should consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the violence involved in the commission of the offense. However, the sentencing court is not limited to any mathematically applied set of factors.[7] The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's

---

[4] *In re Interest of D.I.*, 281 Neb. 917, 799 N.W.2d 664 (2011); *D & S Realty v. Markel Ins. Co.*, 280 Neb. 567, 789 N.W.2d 1 (2010).

[5] *State v. Sims*, 277 Neb. 192, 761 N.W.2d 527 (2009); *State v. Davis*, 276 Neb. 755, 757 N.W.2d 367 (2008).

[6] Brief for appellant at 8.

[7] *State v. Oldson*, 293 Neb. 718, 884 N.W.2d 10 (2016).

demeanor and attitude and all the facts and circumstances surrounding the defendant's life.[8] Additionally, it is within the discretion of the trial court to impose consecutive rather than concurrent sentences for separate crimes.[9] This is true even when the crimes arise out of the same incident.[10]

When the sentencing court imposed Artis' sentences and made them consecutive, it was cognizant of Artis' young age, but was concerned about Artis' criminal history, which included two prior convictions for possession of a controlled substance and narcotics investigations dating back to 2010. The sentencing court also afforded significant weight to the potential danger caused by Artis' fleeing from police in a public location while carrying a loaded firearm and two loaded magazines. After reviewing the record, we conclude that the district court did not abuse its discretion in imposing Artis' sentences.

## 2. Plain Error

[7,8] While an appellate court typically reviews criminal sentences that are within statutory limits for abuse of discretion, the appellate court always reserves the right to note plain error which was not complained of at trial or on appeal.[11] Plain error is error of such a nature that to leave it uncorrected would result in damage to the integrity, reputation, or fairness of the judicial process.[12] For the purpose of determining plain error, where the law at the time of trial was settled and clearly contrary to the law at the time of appeal,

---

[8] *Id.*

[9] *State v. Dixon*, *supra* note 3.

[10] See *id.*

[11] *State v. Bartholomew*, 258 Neb. 174, 602 N.W.2d 510 (1999).

[12] *State v. Scott*, 284 Neb. 703, 824 N.W.2d 668 (2012); *State v. Huff*, 282 Neb. 78, 802 N.W.2d 77 (2011); *State v. Sellers*, 279 Neb. 220, 777 N.W.2d 779 (2010); *State v. Mowell*, 267 Neb. 83, 267 N.W.2d 389 (2003); *State v. Greer*, 257 Neb. 208, 596 N.W.2d 296 (1999).

it is enough that an error be "plain" at the time of appellate consideration.[13]

The State submits that Artis' sentence for his Class IV felony was proper at the time it was imposed. However, the State asserts that due to the enactment of L.B. 1094, which went into effect on April 20, 2016, during the pendency of Artis' appeal, Artis' sentence may now constitute "plain error."[14] After the enactment of L.B. 1094, § 29-2204.02(4) now provides, in relevant part:

> For any sentence of imprisonment for a Class III, IIIA, or IV felony for an offense committed on or after August 30, 2015, imposed consecutively or concurrently with . . . (b) a sentence of imprisonment for a Class I, IA, IB, IC, ID, II, or IIA felony, the court shall impose an indeterminate sentence within the applicable range in section 28-105 that does not include a period of post-release supervision, in accordance with the process set forth in section 29-2204.

Although not enacted at the time Artis was sentenced, the State asserts that this version of § 29-2204.02 should apply to Artis' sentence pursuant to the doctrine in *State v. Randolph*.[15] However, even if § 29-2204.02 applied to Artis' sentence, his sentence would not constitute plain error, because the sentence for his Class IV felony complies with the relevant statutes under both L.B. 1094 and its predecessor, 2015 Neb. Laws, L.B. 605.

The State claims that there are three ways in which Artis' sentence for his Class IV felony does not comply with the L.B. 1094 version of § 29-2204.02. First, the State claims that Artis' sentence for his Class IV felony is a determinate sentence, while the L.B. 1094 version of § 29-2204.02 requires

---

[13] *State v. Mata*, 266 Neb. 668, 668 N.W.2d 448 (2003), *abrogated on other grounds, State v. Rogers*, 277 Neb. 37, 760 N.W.2d 35 (2009).

[14] Brief for appellee at 8.

[15] *State v. Randolph*, 186 Neb. 297, 183 N.W.2d 225 (1971).

that Artis receive an indeterminate sentence. Second, the State suggests the amended version of § 29-2204.02(4) requires that the minimum term of Artis' sentence for his Class IV felony be less than the maximum term and that therefore, Artis' sentence does not comply. And, third, the State asserts that postrelease supervision could be imputed to Artis under the L.B. 605 version of the statutory scheme, which would be noncompliant with the L.B. 1094 version. We address each of these arguments in turn.

### (a) Artis' Sentence Is Indeterminate

[9-12] The State has mischaracterized Artis' sentence of "not less than 2 years, nor more than 2 years" as a determinate sentence. A determinate sentence is imposed when the defendant is sentenced to a single term of years, such as a sentence of 2 years' imprisonment.[16] With a determinate sentence, the court does not provide a minimum term; the minimum term is considered to be the minimum term provided by law.[17] Thus, for a Class IV felony, which has a minimum punishment of no imprisonment, the minimum term of a determinate sentence would be 0 year's imprisonment.[18] In contrast, when imposing an indeterminate sentence, a sentencing court ordinarily articulates either a minimum term and maximum term or a range of time for which a defendant is to be incarcerated.[19] In Nebraska, the fact that the minimum term and maximum term of a sentence are the same does not affect the sentence's status as an indeterminate sentence.[20] Thus, we conclude that Artis' sentence for his Class IV felony is an indeterminate

---

[16] See *State v. White*, 256 Neb. 536, 590 N.W.2d 863 (1999).

[17] *Id.*

[18] Neb. Rev. Stat. § 28-105 (Reissue 2016); *State v. White, supra* note 16.

[19] *Id*.

[20] See, *State v. Marrs*, 272 Neb. 573, 723 N.W.2d 499 (2006); *State v. Urbano*, 256 Neb. 194, 589 N.W.2d 144 (1999).

sentence in which the minimum and maximum terms are the same. Such sentence complies with L.B. 1094's requirement that the court impose an indeterminate sentence for a Class IV felony when that sentence is imposed consecutively with a Class IIA felony, and we therefore find no plain error in this regard.

### (b) Term "Process" in § 29-2204.02(4)

The State also claims that the current versions of Neb. Rev. Stat. § 29-2204(1) (Reissue 2016) and § 29-2204.02(4) require that the minimum term be less than the maximum term for Artis' sentence for his Class IV felony. We disagree. Section 29-2204(1) states:

Except when the defendant is found guilty of a Class IA felony, in imposing a sentence upon an offender for any class of felony *other than a Class III, IIIA, or IV felony,* the court shall fix the minimum and the maximum terms of the sentence to be served within the limits provided by law. The maximum term shall not be greater than the maximum limit provided by law, and:

(a) The minimum term fixed by the court shall be any term of years less than the maximum term imposed by the court; or

(b) The minimum term shall be the minimum limit provided by law.

(Emphasis supplied.)

Although § 29-2204(1) expressly states that it does not apply to sentences for Class IV felonies, the State argues that § 29-2204.02(4) supersedes that exclusion, because § 29-2204.02(4) is more specific than § 29-2204(1). As noted above, § 29-2204.02(4) provides that "the court shall impose an indeterminate sentence" for Class IV felonies imposed consecutively or concurrently with a sentence for a Class IIA felony "in accordance with the process set forth in section 29-2204."

The State suggests that the phrase "process set forth in section 29-2204" refers to the requirement in § 29-2204(1)(a) that the minimum term of an indeterminate sentence be less than the maximum term. However, § 29-2204.02(4) does not limit the process to only § 29-2204(1)(a), but references § 29-2204 in general. Accordingly, in following the "process set forth in section 29-2204," a sentencing court should review all subsections of § 29-2204, not just specific phrases or subsections. In reviewing § 29-2204, we note that subsection (1) specifically excludes Class IV felonies, and we are required to give effect to all parts of a statute and to avoid rejecting a word, clause, or sentence as superfluous or meaningless.[21] Accordingly, we cannot accept the State's interpretation, which would require the court to disregard part of the first sentence in § 29-2204(1). Because § 29-2204(1) excludes Class IV felonies, we conclude that §§ 29-2204 and 29-2204.02(4) do not require that Artis' sentence for his Class IV felony have a minimum term less than the maximum term.

Our interpretation is supported by the legislative history of L.B. 1094, which is the bill that added § 24-2204.02(4). During at least one floor debate and at the judicial hearing, the bill's introducers repeatedly indicated that L.B. 1094 was not meant to make any substantive changes to the sentencing scheme established by L.B. 605.[22] Instead, L.B. 1094 is a "'clean-up bill'" and was intended to eliminate some unintended effects of L.B. 605.[23] One of those unintended effects was the possibility that a defendant who was sentenced consecutively or concurrently to multiple crimes would be subject

---

[21] See *Fisher v. PayFlex Systems USA*, 285 Neb. 808, 829 N.W.2d 703 (2013).

[22] Judiciary Committee Hearing, L.B. 1094, 104th Leg., 1st Sess. 47 (Feb. 4, 2016) (remarks of legal counsel to Judiciary Committee); Floor Debate, L.B. 1094, 104th Leg., 1st Sess. 25 (Mar. 23, 2016) (remarks of Senator Les Seiler).

[23] Introducer's Statement of Intent, L.B. 1094, 104th Leg., 1st Sess. (Feb. 4, 2016).

to both parole and postrelease supervision.[24] According to the Judiciary Committee Statement, § 29.2204.02 was amended to prevent that situation and also to clarify that good time should not apply to postrelease supervision.[25] Nothing within the legislative history suggests that § 29-2204.02 was meant to change the duration of punishment for offenders being sentenced to multiple crimes simultaneously.

Moreover, § 29-2204.02(4) applies only to certain offenders who are sentenced for multiple crimes. It would not limit the minimum term of sentences for offenders who have committed only one Class III, IIIA, or IV felony. Therefore, if the term "process" referred to only § 29-2204(1)(a), then the statutory scheme would allow, for example, an offender who committed multiple crimes to receive a more beneficial sentence for his or her Class IV felony than an offender who committed only a Class IV felony. We cannot say that is what the Legislature intended. Thus, § 29-2204.02(4) clearly refers to the entire statute § 29-2204.

As we read the statutes under L.B. 1094, there is nothing that requires the minimum term of Artis' sentence for his Class IV felony to be less than the maximum term. Accordingly, Artis' sentence appears to comply with L.B. 1094 in this respect.

### (c) Postrelease Supervision

The State also suggests that Artis' sentence may constitute plain error pursuant to the *Randolph* doctrine, because the version of § 29-2204.02 as amended by L.B. 1094 requires that Artis receive no period of postrelease supervision.[26] Although the district court did not order postrelease supervision, the State is concerned that under the statutory scheme in effect at the time of Artis' sentencing, a period of 9 months' postrelease supervision could be imputed to him.

---

[24] Committee Statement, L.B. 1094, 104th Leg., 1st Sess. 2, 5 (Feb. 4, 2016).

[25] *Id.*

[26] See *State v. Randolph, supra* note 15.

However, even under L.B. 605, Artis is not subject to postrelease supervision. The L.B. 605 version of § 28-105(6) states, in relevant part, "Any person who is sentenced to imprisonment for a Class . . . IIA felony and sentenced concurrently or consecutively to imprisonment for a Class . . . IV felony shall not be subject to post-release supervision pursuant to subsection (1) of this section." Here, Artis was sentenced to imprisonment for a Class IIA felony and sentenced consecutively to a Class IV felony, and the district court did not impose a period of postrelease supervision. Accordingly, the sentencing order was compliant with both L.B. 605 and L.B. 1094. Therefore, we find no plain error and affirm his sentences.

## VI. CONCLUSION

For the foregoing reasons, the district court did not abuse its discretion in imposing Artis' sentences and the sentence for his Class IV felony is not plainly erroneous. We therefore affirm.

AFFIRMED.