IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. MCCRAY

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

SAMUEL D. MCCRAY, APPELLANT.

Filed December 5, 2017.    No. A-16-059.

Appeal from the District Court for Lancaster County: ANDREW R. JACOBSEN, Judge. Affirmed.

Joseph Nigro, Lancaster County Public Defender, and John C. Jorgensen for appellant.

Douglas J. Peterson, Attorney General, and Joe Meyer for appellee.

INBODY, PIRTLE, and RIEDMANN, Judges.

PIRTLE, Judge.

## INTRODUCTION

Samuel D. McCray appeals from his plea-based conviction and sentence for possession of a controlled substance with a habitual criminal enhancement in the district court for Lancaster County. He contends that he should have been permitted to withdraw his plea, he was denied effective assistance of counsel, and his sentence was excessive. Based on the reasons that follow, we affirm.

## BACKGROUND

McCray was charged in a third amended information with three counts of possession of a controlled substance, one count of possession of money to be used violating Neb. Rev. Stat. § 28-416(1), one count of possession of a firearm by a prohibited person, and one count of possession of a stolen firearm. Each count carried a habitual criminal enhancement.

- 1 -

Pursuant to a plea agreement, McCray pled guilty to one count of possession of a controlled substance and being a habitual criminal, and the other counts were dismissed. An enhancement hearing was held and the court found McCray eligible for the habitual criminal enhancement. The court subsequently sentenced McCray to 10 to 15 years in prison.

Before sentencing, McCray filed a motion to withdraw his plea and a hearing was held on the motion. The hearing was held on the day his jury trial was set to begin. McCray testified that he took the plea agreement instead of going to trial because he was forced to make a decision that day - either take the plea or go to trial, and because he had no witnesses present to testify on his behalf. In regard to witnesses, he testified that his brother was not subpoenaed and would have testified about the shotgun that McCray was charged with possessing in the third amended information. He testified that he felt like he had no choice but to plead guilty because he was not leaving court without making a plea or going to trial.

Timothy Noerrlinger, McCray's counsel at the time of the plea, testified that he talked to McCray the night before trial was to begin and they discussed trial strategy, defenses, and what Noerrlinger expected would happen at trial. Noerrlinger testified that he told McCray he had three options: (1) move for a continuance, which Noerrlinger did not believe would be successful, (2) enter a guilty plea based on the plea agreement offered by the State, and (3) go to trial. By the end of the conversation, McCray indicated that he was leaning toward entering a plea.

Noerrlinger testified that he had another conversation with McCray prior to going into the court room on the day McCray took the plea and McCray indicated at that time that he was going to accept the State's plea agreement. At the plea hearing, Noerrlinger had several off-the-record discussions with McCray to answer questions McCray had during the hearing. Before accepting McCray's plea, the trial court advised McCray of the rights he was waiving by entering a plea and made sure he understood what he was being told.

The trial court denied McCray's motion to withdraw his plea, finding that McCray had entered his plea freely, voluntarily, knowingly, and intelligently and that McCray understood the plea he entered and the consequences of entering it.

## ASSIGNMENTS OF ERROR

McCray assigns that (1) the trial court erred in finding that he failed to demonstrate a sufficient basis to permit him to withdraw his plea, (2) he was denied effective assistance of counsel, and (3) the trial court erred in imposing an excessive sentence.

## STANDARD OF REVIEW

A trial court has discretion to allow defendants to withdraw their guilty or no contest pleas before sentencing. An appellate court will not disturb the trial court's ruling on a presentencing motion to withdraw a guilty or no contest plea absent an abuse of discretion. *State v. Carr*, 294 Neb. 185, 881 N.W.2d 192 (2016).

A claim of ineffective assistance of counsel need not be dismissed merely because it is made on direct appeal. The determining factor is whether the record is sufficient to adequately review the question. If a matter has not been raised or ruled on at the trial level and requires an

evidentiary hearing, an appellate court will not address the matter on direct appeal. *State v. Davis*, 276 Neb. 755, 757 N.W.2d 367 (2008).

Whether a claim of ineffective assistance of trial counsel may be determined on direct appeal is a question of law. *State v. Abdullah*, 289 Neb. 123, 853 N.W.2d 858 (2014).

Appellate courts will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. See *State v. Dehning*, 296 Neb. 537, 894 N.W.2d 331 (2017). An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Id.*

## ANALYSIS

*Motion to Withdraw Plea.*

McCray first assigns that the trial court erred in failing to allow him to withdraw his plea. He argues that he demonstrated by clear and convincing evidence that his guilty plea was the result of undue pressure by his counsel and his counsel's failure to secure the testimony of his brother.

After the entry of a plea of guilty or no contest, but before sentencing, a court, in its discretion, may allow a defendant to withdraw his or her plea for any fair and just reason, provided that the prosecution has not been or would not be substantially prejudiced by its reliance on the plea entered. *State v. Ortega,* 290 Neb. 172, 859 N.W.2d 305 (2015). The burden is on the defendant to establish by clear and convincing evidence the grounds for withdrawal of a plea. *Id.*

The record shows, as the trial court found, that McCray entered his plea freely, voluntarily, knowingly, and intelligently and that McCray understood the plea he entered and the consequences of entering it. There is no evidence that McCray's attorney coerced him into taking the plea offered by the State. Rather, the evidence shows that McCray understood his options on the day he pled guilty. He stated that he could have either pled guilty to one charge pursuant to the plea agreement or proceeded to trial. Further, his counsel's failure to subpoena his brother did not force him to accept the plea agreement and prevent him from going to trial. His brother's alleged testimony related to one charge, possession of a firearm, which was dismissed as part of the plea agreement. In addition to dismissing the possession of a firearm charge, the State also dismissed four other charges as part of the plea agreement. All of the charges that were dismissed contained a habitual criminal enhancement. McCray does not allege that his brother would have provided any testimony in regard to the other charges.

McCray understood his options and indicated that he took the plea agreement in an effort to receive the least amount of time in prison possible. Noerrlinger also provided testimony that accepting the plea agreement was McCray's idea after they discussed trial strategy, defenses, the expectations of how trial would go, on the day before trial, and ultimately his decision. McCray did not prove by clear and convincing evidence that a valid reason existed for the trial court to allow him to withdraw his plea. McCray's first assignment of error is without merit.

*Ineffective Assistance of Counsel.*

McCray next assigns that he received ineffective assistance of trial counsel. He is represented by different counsel on appeal. When a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial

counsel's ineffective performance which is known to the defendant or is apparent from the record. Otherwise, the issue will be procedurally barred. *State v. Filholm*, 287 Neb. 763, 848 N.W.2d 571 (2014). Thus, because McCray obtained new counsel on direct appeal, he was required to raise those claims of ineffective assistance known to him or apparent from the record in order to preserve them for review.

McCray alleges ineffective assistance of counsel claims against three different attorneys he had at the trial court level. He was represented by Brett McArthur before he was represented by Noerrlinger, and he was represented by Jeremy Jorgenson after Noerrlinger. In regard to McArthur, McCray asserts that McArthur (1) failed to properly represent his interests concerning the seizure of money by federal law enforcement; (2) failed to subpoena essential defense witnesses for trial; (3) failed to interview necessary witnesses to permit McCray to be properly prepared, develop his defense, and be successful on a motion challenging the search warrant issued in this case; and (4) failed to depose the confidential informant.

In regard to Noerrlinger, McCray asserts that he (1) failed to obtain and preserve contact information for McCray's brother; (2) failed to subpoena McCray's brother; (3) failed to subpoena necessary witnesses for trial; (4) coerced McCray into taking a plea deal; (5) failed to properly confront the confidential informant in a deposition on potential motivation to fabricate; (6) failed to properly confront the confidential informant on potential motivations to fabricate that would have been known to law enforcement at the hearing regarding the search warrant; (7) failed to ask the trial court to reconsider its ruling on the validity of the search warrant and (8) failed to preserve, address, or otherwise report any ineffective acts of prior trial counsel.

In regard to Jeremy Jorgenson, McCray asserts that Jorgenson (1) failed to advise him concerning the effect of having prior trial counsel called as a witness on the motion to withdraw his plea; (2) failed to properly address a request for an appeal bond; (3) failed to timely surrender a complete copy of McCray's file to new counsel upon demand; (4) failed to properly preserve the record for direct appeal; and (5) failed to preserve, address or otherwise report any ineffective acts of prior trial counsel.

A claim of ineffective assistance of counsel need not be dismissed merely because it is made on direct appeal. The determining factor is whether the record is sufficient to adequately review the question. If a matter has not been raised or ruled on at the trial level and requires an evidentiary hearing, an appellate court will not address the matter on direct appeal. *State v. Davis*, 276 Neb. 755, 757 N.W.2d 367 (2008).

McCray admits that the record on direct appeal is insufficient to address the merits of his ineffective assistance of counsel claims. We agree that the record is insufficient to resolve his claims because the record lacks sufficient evidence regarding trial counsel's strategy or lack thereof. To adequately review the actions of McArthur, Noerrlinger, and Jorgenson raised by McCray would require an evaluation of matters not contained in the record. Accordingly, we cannot determine on direct appeal whether McCray received ineffective assistance of counsel.

*Excessive Sentence.*

McCray next assigns that his sentence is excessive and an abuse of the trial court's discretion. He contends that the trial court failed to give proper weight to mitigating factors in determining his sentence. He does not specify what mitigating factors were applicable.

McCray's conviction as a habitual criminal carries a mandatory minimum term of ten years' imprisonment and a maximum term of not more than sixty years' imprisonment. Neb. Rev. Stat. § 29-2221 (Reissue 2016). McCray was sentenced to ten to fifteen years' imprisonment. His sentence is clearly within the statutory limits and will not be disturbed absent an abuse of discretion. See *State v. Dehning*, 296 Neb. 537, 894 N.W.2d 331 (2017).

We have stated that when imposing a sentence, the sentencing court should customarily consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the violence involved in the commission of the offense. However, the sentencing court is not limited to any mathematically applied set of factors. *State v. Artis,* 296 Neb. 172, 893 N.W.2d 421 (2017). The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id.*

The record reflects that the trial court relied on the presentence investigation report and considered the appropriate factors when sentencing McCray. There is no evidence that the trial court abused its discretion in imposing a sentence of 10 to 15 years in prison. McCray's sentence is not excessive.

## CONCLUSION

We conclude that the trial court did not err in failing to allow McCray to withdraw his plea and that his sentence was not excessive. We further conclude that the record on direct appeal is insufficient to adequately review McCray's claims of ineffective assistance of counsel.

AFFIRMED.