IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. BAUTISTA

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

FRANCISCO BAUTISTA, APPELLANT.

Filed December 13, 2022.    No. A-22-384.

Appeal from the District Court for Saline County: RICKY A. SCHREINER, Judge. Affirmed.

Timothy S. Noerrlinger, of Naylor & Rappl Law Office, for appellant.

Douglas J. Peterson, Attorney General, and Teryn Blessin for appellee.

MOORE, RIEDMANN, and WELCH, Judges.

RIEDMANN, Judge.

## INTRODUCTION

Francisco Bautista appeals his plea-based convictions and sentences from the Saline County District Court. He assigns that his sentence was excessive, and his trial counsel was ineffective for failing to depose the victims and failing to inform him of a DNA transfer defense. Having considered his arguments and reviewed the record, we affirm his convictions and sentences.

## BACKGROUND

On July 7, 2020, Crete Police responded to a 911 call reporting an active burglary. Upon arrival, police contacted the reporting party, M.G.S. and discovered it was not an active burglary, but rather that M.G.S. wanted to report the sexual assaults of her daughters. M.G.S. did not speak English, which explained the communication error about the reported crime. The officers were able to use Language Line to communicate with M.G.S.

- 1 -

As officers spoke with M.G.S., the two victims, ages 6 and 7, approached them. They told the officers that "he was smooching us." The little girls made kissing gestures with their lips and one girl made a thrusting motion. After separating the girls from M.G.S., M.G.S. told police that she usually comes home from work at night, and her two daughters will be playing in their room or the living room. When she had come home that night, she could not find them. The last place she checked was Bautista's room. The door was closed but unlocked. When she opened the door, she witnessed her daughters were both naked on Bautista's bed and Bautista was naked and touching one of them.

M.G.S. told Bautista to wait in the living room. She then asked her girls what had happened. The girls told her that Bautista was "smooching" and touching them, and he put his penis inside one of the girl's vagina. M.G.S. told police that she suspected Bautista had done this to both girls though.

The police arrested Bautista that night and he was later charged with two counts of first degree sexual assault of a child, a Class IB felony. They also took the girls to Bryan West Medical Center, where a sexual assault nurse exam was conducted on both girls.

Within a week of their disclosure to police, both girls were interviewed at the Child Advocacy Center (CAC) in Lincoln. CAC forensic interviewer Stephanie Ellis interviewed each girl individually. Both girls credibly confirmed the accounts they told their mother and explained how they were sexually assaulted. One of the girls explained that the abuse began when Bautista moved in, which had occurred 2 months prior. The other girl told Ellis that when her mother said she was going to call police, Bautista asked her not to and told M.G.S. that he would not do it anymore.

*Plea Bargain.*

After multiple continuances, Bautista agreed to a plea bargain with the State in December 2021. In return for his plea, the State agreed to charge him with criminal attempt of first degree sexual assault of a child, which is a Class II felony, and child abuse, a Class IIIA felony. Neb. Rev. Stat. § 28-319.01 (Reissue 2016); Neb. Rev. Stat. § 28-201 (Cum. Supp. 2020); Neb. Rev. Stat. § 28-707 (Reissue 2016).

At the plea hearing, Bautista communicated with the district court via an interpreter that he understood the rights he was waiving and the terms of his plea bargain. The State provided a factual basis for the charges. The district court accepted into evidence an affidavit of probable cause, which included the narrative reports from the responding officers. The State added that it completed DNA testing that revealed a DNA mixture of Bautista and one of the victims on the front panel of Bautista's boxer briefs. The district court subsequently accepted Bautista's plea of guilty.

At sentencing, Bautista argued that probation was the appropriate sentence, but in the alternative, he deserved the minimum statutory sentence because he saved the State significant time and resources. The district court acknowledged that it reviewed the presentence investigation report (PSR), comments made at sentencing, and the statutorily required factors. In addition to addressing each statutorily required factor, it added that the PSR indicated the assaults occurred over a 2-month period, in which the motivation "can only be selfish, self-gratification" and the emotional violence incalculable. The district court sentenced Bautista to 3 years' incarceration for

the conviction of child abuse, and 40 to 50 years' incarceration for the attempted sexual assault of a child conviction, sentences to be served consecutively. He received 191 days' credit on the first sentence for time served. Bautista appeals.

ASSIGNMENTS OF ERROR

Bautista assigns that the district court's sentences were excessive, that his counsel was ineffective for failing to depose the victims, and his counsel was ineffective by not informing him that he could use DNA transfer as a defense.

STANDARD OF REVIEW

A sentence imposed within the statutory limits will not be disturbed on appeal in the absence of an abuse of discretion by the trial court. *State v. Blake*, 310 Neb. 769, 969 N.W.2d 399 (2022).

Whether a claim of ineffective assistance of trial counsel can be determined on direct appeal presents a question of law, which turns upon the sufficiency of the record to address the claim without an evidentiary hearing or whether the claim rests solely on the interpretation of a statute or constitutional requirement. *State v. Stelly*, 304 Neb. 33, 932 N.W.2d 857 (2019). An appellate court determines as a matter of law whether the record conclusively shows that (1) defense counsel's performance was deficient or (2) a defendant was or was not prejudiced by a defense counsel's alleged deficient performance. *Id*.

ANALYSIS

*Excessive Sentences.*

Attempted first degree sexual assault of a child is a Class II felony, which carries a minimum of 1 year and a maximum of 50 years' incarceration. § 28-319.01; § 28-201; Neb. Rev. Stat. § 28-105 (Cum. Supp. 2020). Child abuse is a Class IIIA felony, and it carries no minimum sentence and a maximum sentence of 3 years' incarceration. § 28-707; § 28-105. Bautista was sentenced to 40 to 50 years for attempted first degree sexual assault of a child and 3 years for child abuse. Thus, his sentences are within the statutory guidelines, and we review for abuse of discretion.

An abuse of discretion in imposing a sentence occurs when a sentencing court's reasons or rulings are clearly untenable and unfairly deprive the litigant of a substantial right and just result. *State v. Artis*, 296 Neb. 172, 893 N.W.2d 421 (2017).

When imposing a sentence, a sentencing judge should customarily consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime. *State v. Blake, supra*. The sentencing court is not limited to any mathematically applied set of factors, but the appropriateness of the sentence is necessarily a subjective judgment that includes the sentencing judge's observations of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id*.

The PSR shows Bautista was 65 years old at sentencing. Bautista was born in Guatemala, where he estimates he received 3 years of formal education. Prior to his arrest, he worked full time

at Walmart. Bautista has 12 children, all from his wife of roughly 40 years and who lives in Guatemala. He reported having a good relationship with his children, as the ones who live in Nebraska visit him and the ones living in Guatemala call him.

Bautista has two prior convictions for driving under the influence, which date back to 1994 and 2001. He represented during the PSR interview that he no longer drinks alcohol and has not consumed it in over 15 years. He also has two prior traffic tickets from 2021. He did not provide a statement to probation to be included in his PSR.

Due to the nature of the crime, Bautista underwent the Vermont Assessment for Sex Offender Risk, in which he was placed in the moderate-low risk to reoffend. However, in a LS/CMI interview, Bautista was assessed as a medium high risk to reoffend with a total score of 18. The probation officer placed him in the precontemplative stage of change because he did not admit to his actions.

Bautista argues that the district court abused its discretion by overemphasizing the nature of the offenses, while ignoring the possibility of rehabilitation. He further argues his lack of significant criminal history supports a sentence of probation instead of imprisonment. He concludes by saying that a "term of imprisonment does not address the behavior that brought [Bautista] before the court." Brief for appellant at 11.

We find no merit in Bautista's arguments. Whether probation or incarceration is ordered is a choice within the discretion of the trial court, whose judgment denying probation will be upheld in the absence of an abuse of discretion. *State v. Senteney*, 307 Neb. 702, 950 N.W.2d 585 (2020). Bautista was originally charged with two counts of first degree sexual assault of a child, a Class IB felony, which carries a mandatory minimum sentence of 15 years' imprisonment for the first offense and a maximum sentence of life imprisonment. § 28-319.01(2); § 28-105. He received a significant benefit in the reduced charges, a fact acknowledged by the district court.

The court also acknowledged the LS/CMI results showing a high score in the pro criminal category and medium score in antisocial pattern. It further set forth his age, family life, education, employment, and lack of significant past criminal record. It observed that Bautista's activity occurred for 2 months prior to being caught. Based upon the factors contained in Neb. Rev. Stat. § 29-2260 (Reissue 2016), it determined he was not a suitable candidate for probation, and we agree. Given the above and the nature of the events leading to his conviction, we determine that the district court considered all the statutory requirements and did not abuse its discretion in its sentences.

*Ineffective Assistance of Counsel.*

Bautista raises two claims of ineffective assistance of counsel; however, he does not identify which trial counsel was ineffective. Bautista's first counsel withdrew prior to the pretrial hearing, and a public defender was appointed. Sometime prior to sentencing, a third attorney entered an appearance on Bautista's behalf and represented him for the sentencing hearing. Bautista's third attorney is also his appellate counsel, so we limit our review to his prior two counsel.

Bautista first argues that his trial counsel was ineffective because they failed to depose the victims, after Bautista told them that the victims recanted. Bautista also argues that he told his

lawyer the girls fabricated their statements to the CAC. Second, he argues his trial counsel was ineffective because they failed to instruct Bautista that he could use a DNA transfer defense.

To prevail on an ineffective assistance of counsel claim, a defendant must show that their counsel's performance was deficient, and that their deficient performance actually prejudiced the defendant. *State v. Thomas*, 311 Neb. 989, 977 N.W.2d 258 (2022). To show prejudice, the defendant must demonstrate a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. *Id.* When a conviction is based upon a plea of no contest, the prejudice requirement for an ineffective assistance of counsel claim is satisfied if the defendant shows a reasonable probability that but for the errors of counsel, the defendant would have insisted on going to trial rather than pleading no contest. *Id.* On direct appeal, however, an appellant is not required to make specific allegations of prejudice. *State v. Filholm*, 287 Neb. 763, 848 N.W.2d 571 (2014).

When reviewing claims of ineffective assistance of counsel on direct appeal, an appellate court decides only whether the undisputed facts contained within the record are sufficient to conclusively determine whether counsel did or did not provide effective assistance, and whether the defendant was or was not prejudiced by counsel's alleged deficient performance. *State v. Stelly*, 304 Neb. 33, 932 N.W.2d 857 (2019). An ineffective assistance of counsel claim cannot always be resolved on direct appeal. *Id.* The determining factor is sufficiency of the record. *Id.*

Bautista's claims for ineffective assistance cannot be resolved on direct appeal because they implicate matters outside of the record. See *State v. Hibler*, 302 Neb. 325, 923 N.W.2d 398 (2019). There is no information in the record regarding his claim that the victims recanted their statements or fabricated their statements made to the CAC. What is ultimately known or unknown by trial counsel and conversations they had with Bautista is also outside the record. The record is insufficient to address Bautista's first ineffective assistance of counsel claim.

Bautista asserts his trial counsel was ineffective because they told him the DNA results precluded any defenses. He contends he would have taken his case to trial if trial counsel explained the concept of DNA transfer to him.

The record is also insufficient to address Bautista's claim that he should have been advised of a DNA transfer defense. He had two lawyers over the 17 months between the offense and accepting the plea bargain. There is nothing in the record to show discussions had by either of those attorneys or their perceived trial strategies. Therefore, the record is insufficient to address Bautista's claim that his counsel was ineffective for failing to advise him of a DNA transfer defense.

## CONCLUSION

Bautista's sentences were not an abuse of discretion. The record is not sufficient on direct appeal to address his ineffective assistance of counsel claims; therefore they are preserved and we affirm his conviction and sentences.

AFFIRMED.