IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
(Memorandum Web Opinion)

STATE V. NIMMICH

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

CLINTON L. NIMMICH, APPELLANT.

Filed November 25, 2025.    No. A-25-257.

Appeal from the District Court for Lancaster County: SUSAN I. STRONG, Judge. Affirmed.

Joshua D. Barber, of Barber & Barber, P.C., L.L.O., for appellant.

Michael T. Hilgers, Attorney General, and Teryn Blessin for appellee.

RIEDMANN, Chief Judge, and MOORE and WELCH, Judges.

MOORE, Judge.

## I. INTRODUCTION

Clinton L. Nimmich appeals his plea-based convictions for delivering or with intent to deliver a controlled substance, attempted possession of a firearm with a felony 2 drug violation, and felony child abuse. Nimmich claims that he received ineffective assistance of counsel in several regards and that the district court imposed excessive sentences. We affirm.

## II. STATEMENT OF FACTS

Nimmich was originally charged in the Lancaster County Court with possession of a firearm with "FEL 1B/1C" drug violation, a Class IB felony; possession of a firearm by prohibited person, a Class ID felony; three counts of committing child abuse intentionally/no injury, Class IIIA felonies; possession of a controlled substance, a Class IV felony; and possession of money "to be used violating 28-416(1)," a Class IV felony. An amended complaint was later filed, which included the same counts with the exception of the dismissal of the possession of a firearm by a

- 1 -

prohibited person count. Nimmich was bound over to the district court and an information was filed containing the same charges as in the amended complaint. On February 18, 2025, an amended information was filed charging Nimmich with delivering or with intent to deliver a controlled substance, a Class II felony; attempted possession of a firearm with "FEL 2" drug violation, a Class II felony; and child abuse, a Class IIIA felony.

A plea hearing was held on February 18, 2025. Nimmich waived his right to have the amended information served upon him 24 hours before entry of a plea and his right to a preliminary hearing. The district court advised Nimmich of his various constitutional rights, which he indicated he understood and that he was giving up those rights by entry of a plea. The court advised Nimmich of the possible penalties for each count, which he again indicated he understood. The court advised Nimmich of his right to a separate hearing to determine whether statements, admissions, or confessions he may have made were voluntary and whether any evidence was lawfully taken from him. Nimmich indicated that he understood that he would be giving up his right to a separate hearing by entering a plea. Nimmich affirmed that no one had made any threats or had given him any promises to enter a plea agreement. Nimmich agreed that he had an opportunity to talk with his counsel about all of his rights and that he did not need any more time to talk to his counsel. Nimmich stated that he told his counsel everything he knew about the case and was not aware of anything that could help him that he wanted to talk to counsel about before moving forward. Nimmich indicated he was satisfied with the work of his counsel, believed his counsel was competent and knew what he was doing, and Nimmich had had enough time to talk with his counsel about his case. Nimmich stated that he was entering his plea of no contest to the amended information freely and voluntarily.

The State provided a factual basis. On August 1, 2024, investigators with the Lincoln/Lancaster County Narcotics Task Force were conducting an ongoing narcotics investigation concerning Nimmich. The officers had information that Nimmich was obtaining large amounts of methamphetamine from a source in York, Nebraska, and that Nimmich would be driving back to Lincoln. The officers observed Nimmich's vehicle eastbound on Interstate 80 and observed various traffic violations. Upon stopping Nimmich's vehicle outside of his residence, Nimmich provided consent for the investigators to search his person and vehicle. He admitted to having a firearm inside the vehicle. The investigators located an automatic handgun, a baggie containing 9l.2 grams of methamphetamine, and $1,271 in currency. Nimmich advised the officers that there were three juveniles inside his residence. Investigators conducted a protective sweep of the residence due to a search warrant being sought. Inside the bedrooms of the juveniles, investigators located some drugs and/or drug paraphernalia. Upon obtaining a search warrant for the residence, investigators located additional firearms and ammunition, along with additional baggies of methamphetamine and other drugs and drug paraphernalia. A later search of Nimmich's phone revealed methamphetamine dealings between June and August 2024.

Following recitation of the factual basis, Nimmich's counsel advised the district court that he and Nimmich had not had an opportunity to access the search warrant referenced in the factual basis, but counsel affirmed that based on the information they had been provided, he and Nimmich had discussed all the facts and potential defenses and that the pleas were consistent with the law and the facts as they understand them to be. The district court found beyond a reasonable doubt that Nimmich understood his rights and freely and voluntarily waived them, and he understood the

charges against him and the consequences of his pleas. The court found that Nimmich's pleas were freely and voluntarily made, accepted the pleas, and found Nimmich guilty beyond a reasonable doubt of the charges.

On April 3, 2025, the district court sentenced Nimmich to 6 to 10 years' imprisonment on Count I, delivering or with intent to deliver a controlled substance; 4 to 8 years' imprisonment on Count II, attempted possession of a firearm with Felony 2 drug violation; and 2 to 3 years' imprisonment on Count III, child abuse. The sentences were ordered to be served consecutively to each other, and Nimmich was given credit for 245 days served on the case.

### III. ASSIGNMENTS OF ERROR

Nimmich assigns that his trial counsel was ineffective by (1) failing to investigate and file a motion to suppress, (2) failing to investigate and obtain copies of the warrant and supporting affidavit for the search of a particular residence and failing to provide Nimmich with an opportunity to review that information before pursuing plea negotiations, and (3) failing to deliver or communicate his desired plea offer to the prosecution. Nimmich further assigns that the cumulative effect of two or more of the previously assigned errors deprived him of the effective assistance of counsel. Finally, Nimmich assigns that the district court imposed an excessive sentence.

### IV. STANDARD OF REVIEW

Whether a claim of ineffective assistance of counsel may be determined on direct appeal is a question of law. *State v. Clark*, 315 Neb. 736, 1 N.W.3d 487 (2024). In reviewing claims of ineffective assistance of counsel on direct appeal, an appellate court decides only whether the undisputed facts contained within the record are sufficient to conclusively determine whether counsel did or did not provide effective assistance and whether the defendant was or was not prejudiced by counsel's alleged deficient performance. *Id.*

Absent an abuse of discretion by the trial court, an appellate court will not disturb a sentence imposed within the statutory limits. *State v. Woolridge-Jones*, 316 Neb. 500, 5 N.W.3d 426 (2024). An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Id.*

### V. ANALYSIS

#### 1. Effectiveness of Trial Counsel

Nimmich assigns, through new counsel on appeal, that his trial counsel was ineffective by (1) failing to investigate and file a motion to suppress, (2) failing to investigate and obtain copies of the warrant or supporting affidavit for the search of a particular residence and failing to provide Nimmich with an opportunity to review that information before pursuing plea negotiations, and (3) failing to deliver or communicate his desired plea offer to the prosecution. Nimmich further assigns that the cumulative effect of two or more of the previously assigned errors deprived him of the effective assistance of counsel.

When a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is

known to the defendant or is apparent from the record; otherwise, the issue will be procedurally barred in a subsequent postconviction proceeding. *State v. Rezac*, 318 Neb. 352, 15 N.W.3d 705 (2025). However, the fact that an ineffective assistance of counsel claim is raised on direct appeal does not necessarily mean that it can be resolved. The determining factor is whether the record is sufficient to adequately review the question. See *id*. The record is sufficient if it establishes either that trial counsel's performance was not deficient, that the appellant will not be able to establish prejudice as a matter of law, or that trial counsel's actions could not be justified as a part of any plausible trial strategy. *Id*.

Generally, to prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense. *State v. Blaha*, 303 Neb. 415, 929 N.W.2d 494 (2019). To show that counsel's performance was deficient, a defendant must show that counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. *Id*. When a conviction is based upon a guilty or no contest plea, the prejudice requirement for an ineffective assistance of counsel claim is satisfied if the defendant shows a reasonable probability that but for the errors of counsel, the defendant would have insisted on going to trial rather than pleading guilty. *Id.* When a claim of ineffective assistance of trial counsel is raised in a direct appeal, the appellant is not required to allege prejudice; but an appellant must make specific allegations of the conduct that he or she claims constitutes deficient performance by trial counsel. See *State v. Lierman*, 305 Neb. 289, 940 N.W.2d 529 (2020).

(a) Failure to File Motion to Suppress/Obtain Warrant

Nimmich claims that his trial counsel was ineffective in failing to investigate and file a motion to suppress evidence that law enforcement seized during the protective sweep of his residence and/or the subsequent search of his residence. Nimmich also assigns that his counsel failed to investigate and obtain copies of the search warrant and supporting affidavit for the search of the residence. We have combined these assigned errors in our analysis. The probable cause affidavit shows that after Nimmich advised officers that there were three juveniles inside the house, the officers contacted the juveniles and then conducted a protective sweep of the residence "due to a search warrant being sought for the residence." According to the affidavit, officers observed "[i]n plain view" several items of drug paraphernalia, drug residue, and loose marijuana. An affidavit and search warrant were then drafted and the warrant was signed by a county court judge. During the execution of the search warrant, more items were located in the residence as identified above.

Nimmich first argues that the probable cause affidavit failed to show justification for the warrantless entry into the residence, and that even if the protective sweep was justified, the officers exceeded the permissible scope of a protective sweep. Nimmich asserts that he twice asked counsel to investigate whether there was a basis to make a motion to suppress the evidence obtained from the improper "protective sweep" and to make such a motion, but counsel failed to do so.

Nimmich next alleges that although he requested it, his trial counsel never sought to obtain a copy of the sealed warrant or supporting affidavit for the search of the residence. Nimmich asserts that the record contains no evidence that trial counsel made any effort to obtain a copy of, or other

- 4 -

access to, the sealed warrant and affidavit. Nimmich argues that had counsel done so, it would have been possible to determine the extent to which the warrant ultimately obtained to search the residence was based upon information illegally obtained during the protective sweep.

Although Nimmich was advised at the plea hearing that he was waiving the right to file a motion to suppress evidence, the record is not sufficient to review the merit of these claims as it does not contain the warrant or supporting affidavit. Trial counsel admitted at the plea hearing that they had not had an opportunity to review the warrant and supporting affidavit, but there is nothing in the record regarding counsel's attempts to obtain the documents, or any discussion between Nimmich and his counsel regarding obtaining these documents. These claims of ineffective assistance of counsel are preserved.

### (b) Failure to Deliver Plea Offer to Prosecution

Nimmich claims that he asked counsel to proffer a plea to the prosecution, which included only one Class II felony and one Class IIIA felony, but that counsel failed to send such an offer. As a result, Nimmich asserts that he never knew whether the State would have accepted such an offer. In response, the State asserts that Nimmich cannot establish prejudice as the State is ultimately in control of whether and what plea agreement is negotiated. We agree. Even had trial counsel proffered the suggested plea offer, there is no indication that the State would have accepted the offer. The State agreed to dismiss several felony charges and reduce others as part of the plea agreement entered into by the parties. The record from the plea hearing establishes that Nimmich knowingly and voluntarily agreed to the plea agreement. This claim of ineffective assistance of counsel fails.

### (c) Cumulative Effect of Alleged Ineffectiveness

Because we have determined that the record is insufficient to address two of Nimmich's assigned errors regarding trial counsel's effectiveness, which claims are preserved for postconviction review, we need not address this assigned error. An appellate court is not obligated to engage in an analysis that is not necessary to adjudicate the case and controversy before it. *State v. Brennauer*, 314 Neb. 782, 993 N.W.2d 305 (2023).

### 2. DISTRICT COURT DID NOT IMPOSE EXCESSIVE SENTENCES

Nimmich lastly assigns the district court erred by imposing excessive sentences.

Nimmich was convicted of two Class II felonies, punishable by a minimum of 1 year and maximum of 50 years' imprisonment, and one Class IIIA felony, punishable by a maximum of 3 years' incarceration and 18 months' post-release supervision, a $10,000 fine, or both. See Neb. Rev. Stat. § 28-105 (Cum. Supp. 2024). He was ultimately sentenced to 6 to 10 years' incarceration on Count 1, 4 to 8 years on Count 2, and 2 to 3 years on Count 3. The sentences were ordered to be served consecutively to each other and Nimmich was given credit for 245 days served. It is undisputed that the sentences imposed are within the statutory guidelines; we therefore review the sentences only for an abuse of discretion.

Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether a sentencing court abused its discretion in considering and applying the relevant factors, as well as any applicable legal principles in determining the

sentence to be imposed. *State v. Rezac, supra*. In determining a sentence to be imposed, relevant factors customarily considered and applied are the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime. *Id*. The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id*. Additionally, it is within the discretion of the trial court to impose consecutive rather than concurrent sentences for separate crimes. This is true even when the crimes arise out of the same incident. See *State v. Artis*, 296 Neb. 172, 893 N.W.2d 421 (2017).

Nimmich first argues that the district court considered irrelevant information, namely, the information regarding the codefendant's misconduct while incarcerated. While this information was contained in the Presentence Investigation Report (PSR), there is no indication that the district court considered information regarding the codefendant's conduct while incarcerated in imposing sentence upon Nimmich.

Nimmich maintains that the district court abused its discretion by applying a sentence that exceeded the minimum period consistent with his rehabilitative needs. He points to his rehabilitative efforts prior to sentencing, as demonstrated in letters from his treatment providers, a substance abuse evaluation report, and the number of courses he completed while in jail. He also points to his limited criminal history.

The PSR contained detailed information about Nimmich's background, his limited criminal history, his evaluations, and his rehabilitation efforts. The Level of Service/Case Management Inventory assessed Nimmich at a very high risk to reoffend. During the sentencing hearing, Nimmich's counsel discussed Nimmich's history of substance abuse disorder, his lengthy period of sobriety, and his relapse in 2024. Counsel outlined the rehabilitative efforts Nimmich engaged in during his incarceration, the co-occurring evaluation he obtained, his positive support structure, his limited criminal history, and his remorse. The district court noted Nimmich's limited criminal history and his efforts at rehabilitation, but found that the circumstances of the offense, including the amount of drugs and firearms found in Nimmich's possession, required imposition of the sentences of incarceration.

We find no abuse of discretion by the district court in the sentences imposed.

## VI. CONCLUSION

The record is not sufficient to address Nimmich's claims that his trial counsel was ineffective in failing to file a motion to suppress or in failing to obtain a copy of the search warrant or supporting affidavit. Nimmich cannot show prejudice by the alleged failure of trial counsel to communicate a different plea offer to the prosecution; this claim fails. The district court did not abuse its discretion in imposing sentence upon Nimmich.

AFFIRMED.