Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
05/21/2021 08:10 AM CDT

State of Nebraska, appellee. v.
Gary L. Starks, appellant.

___ N.W.2d ___

Filed February 26, 2021.   Nos. S-20-585 through S-20-587.

1. **Sentences: Appeal and Error.** An appellate court will not disturb a sentence imposed within statutory limits unless the sentence was an abuse of discretion.

2. ____: ____. An abuse of discretion takes place when the sentencing court's reasons or rulings are clearly untenable and unfairly deprive a litigant of a substantial right and a just result.

3. ____: ____. When a defendant challenges a sentence imposed by the district court as excessive and the State believes the sentence to be erroneous but has not cross-appealed in accordance with Neb. Rev. Stat. § 29-2315.01 (Cum. Supp. 2020) or Neb. Rev. Stat. § 29-2321 (Reissue 2016), an appellate court considers the State's suggestion of error to the extent that the court chooses, at its option, to notice plain error.

4. **Appeal and Error.** Plain error exists where there is an error, plainly evident from the record but not complained of at trial, which prejudicially affects a substantial right of a litigant and is of such a nature that to leave it uncorrected would cause a miscarriage of justice or result in damage to the integrity, reputation, and fairness of the judicial process.

5. **Sentences: Appeal and Error.** A sentence that is contrary to the court's statutory authority is an appropriate matter for plain error review.

6. ____: ____. Whether a sentence is authorized by statute presents a question of law, which an appellate court reviews de novo.

7. ____: ____. In reviewing whether an abuse of discretion occurred during sentencing, an appellate court determines whether the sentencing court considered and applied the relevant factors and any applicable legal principles in determining the sentence to be imposed.

8. ____: ____. Relevant factors in determining whether an abuse of discretion occurred during sentencing may include the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural

background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime.

9. ____: ____. While the factors for determining whether an abuse of discretion occurred during sentencing should instruct a sentencing court, they do not comprise a mathematical formula that must be rigidly implemented. Rather, they are among the relevant factors that may be considered.

10. **Sentences.** A sentence should be tailored and based on factors that fit the offender and not merely the crime.

11. ____. The appropriateness of a sentence is necessarily a subjective judgment that includes the sentencing judge's observation of the defendant's demeanor and attitude and of all the facts and circumstances surrounding the defendant's life.

12. **Sentences: Appeal and Error.** It is not an appellate court's function to conduct a de novo review and a reweighing of the sentencing factors in the record.

13. **Sentences.** A determinate sentence is imposed when the defendant is sentenced to a single term of years.

14. ____. When imposing an indeterminate sentence, a sentencing court ordinarily articulates either a minimum term and maximum term or a range of time for which a defendant is to be incarcerated.

15. ____. The fact that the minimum term and maximum term of a sentence are the same does not affect the sentence's status as an indeterminate sentence.

16. **Sentences: Appeal and Error.** The failure to impose an indeterminate sentence when required to do so by statute constitutes plain error.

17. ____: ____. An appellate court has the power on direct appeal to remand a cause for the imposition of a lawful sentence where an erroneous one has been pronounced.

Appeal from the District Court for Douglas County: James T. Gleason, Judge. Affirmed in part, and in part vacated and remanded for resentencing.

Thomas C. Riley, Douglas County Public Defender, and Ann O. Petersen for appellant.

Douglas J. Peterson, Attorney General, and Siobhan E. Duffy for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, and Papik, JJ.

Heavican, C.J.

## INTRODUCTION

Based on Gary L. Starks' plea-based convictions for one Class IIA felony and three Class IV felonies, he was sentenced to consecutive terms of 8 to 16 years' imprisonment for the Class IIA felony and 2 years' imprisonment for each Class IV felony. Starks appeals the terms of his total sentence as excessive. The State notes that the determinate sentences for Starks' Class IV felonies may have violated Neb. Rev. Stat. § 29-2204.02 (Reissue 2016).

We affirm the sentence for Starks' Class IIA felony, but vacate the sentences imposed for his Class IV felonies and remand the cause for resentencing.

## BACKGROUND

In September 2019, Starks was charged by information with possession of a controlled substance, a Class IV felony.[1] The charge stemmed from the police's discovery, during a routine traffic stop, of marijuana "joints" and .7 gram of methamphetamine in Starks' vehicle. Starks pled guilty and, in February 2020, was sentenced to 18 months' probation.

Over the next 2 months, Starks failed to report for at least three scheduled appointments with his probation officer. He also failed to submit for drug tests and to apprise his probation officer of his places of employment. In June 2020, on the basis that Starks had violated his probation, the district court reinstated Starks' Class IV felony charge for possession of a controlled substance.[2]

While on probation, Starks was also charged with six counts of theft by shoplifting. The informations alleged that

---

[1]  See Neb. Rev. Stat. § 28-416(3) (Supp. 2017).

[2]  See Neb. Rev. Stat. § 29-2268 (Cum. Supp. 2020).

between December 2019 and March 2020, Starks had misappropriated merchandise from various retail stores. Based on the value of the items taken, and on Starks' status as a repeat shoplifter, four shoplifting counts were charged as Class IV felonies and two shoplifting counts were charged as Class IIA felonies.[3]

Represented by counsel, Starks appeared before the district court for Douglas County in June 2020. Starks informed the court that he had reached a plea agreement with the State.

Pursuant to the plea agreement, Starks pled guilty to violating his probation, a Class IV felony, and to three counts of shoplifting, including two Class IV felonies and one Class IIA felony. In exchange, the State dismissed Starks' remaining charges. The court accepted Starks' guilty pleas and ordered a presentence investigation (PSI).[4]

A sentencing hearing was held on July 28, 2020. At the hearing, Starks' counsel urged the court to impose a sentence "on the lower range" of what was statutorily authorized. Starks' counsel noted that Starks' offenses were nonviolent, that the PSI report had rated Starks as a low risk for violence and aggression, and that Starks' behavior could be partly explained by the physical abuse he had suffered as a child and by his drug addiction and lack of stable housing as an adult.

Starks himself testified that while growing up, he had learned to steal to survive. As an adult, Starks pawned his stolen wares so that he could afford drugs and temporary housing. He stated that he was sorry for his actions and expressed a desire to "get help for my drug addiction. Using methamphetamine, I've been struggling with that for about, like, six years now." Starks petitioned the court for "another opportunity out there in society" to become rehabilitated and to take care of his family, including his girlfriend and six children.

The State responded by observing that the PSI report indicated Starks was a "very high" risk to reoffend, that the value

---

[3] See Neb. Rev. Stat. § 28-518 (Reissue 2016).

[4] See Neb. Rev. Stat. § 29-2261 (Cum. Supp. 2020).

of goods he had shoplifted was significant, and that Starks had not consistently expressed remorse for his actions. The State, accordingly, recommended to the court a "straight sentence" of incarceration.

After noting that it had considered the PSI report and the parties' arguments and testimony, the court ordered a sentence of incarceration for each offense. For Starks' Class IIA felony conviction, he was sentenced to 8 to 16 years' imprisonment, and for each Class IV felony conviction, he was sentenced to 2 years' imprisonment. Subject to 190 days' credit for time served, the sentences were ordered to run consecutively from the date of sentencing.

Starks perfected timely appeals, which we moved to our docket.[5]

## ASSIGNMENT OF ERROR

Starks assigns that the district court imposed excessive sentences.

The State contests this assigned error but, in its responsive brief, notes that the determinate sentences for Starks' Class IV felonies may have violated § 29-2204.02. Although the State has not cross-appealed Starks' sentences on this basis, it requests that we notice plain error.

## STANDARD OF REVIEW

[1,2] An appellate court will not disturb a sentence imposed within statutory limits unless the sentence was an abuse of discretion.[6] An abuse of discretion takes place when the sentencing court's reasons or rulings are clearly untenable and unfairly deprive a litigant of a substantial right and a just result.[7]

---

[5] See Neb. Rev. Stat. §§ 24-1106(3) and 25-1912 (Cum. Supp. 2020).

[6] See *State v. Clausen*, 307 Neb. 968, 951 N.W.2d 764 (2020). See, also, Neb. Rev. Stat. § 29-2308(1) (Reissue 2016).

[7] *State v. McCulley*, 305 Neb. 139, 939 N.W.2d 373 (2020).

[3] When a defendant challenges a sentence imposed by the district court as excessive and the State believes the sentence to be erroneous but has not cross-appealed in accordance with Neb. Rev. Stat. § 29-2315.01 (Cum. Supp. 2020) or Neb. Rev. Stat. § 29-2321 (Reissue 2016), an appellate court considers the State's suggestion of error to the extent that the court chooses, at its option, to notice plain error.[8]

[4-6] Plain error exists where there is an error, plainly evident from the record but not complained of at trial, which prejudicially affects a substantial right of a litigant and is of such a nature that to leave it uncorrected would cause a miscarriage of justice or result in damage to the integrity, reputation, and fairness of the judicial process.[9] A sentence that is contrary to the court's statutory authority is an appropriate matter for plain error review.[10] Whether a sentence is authorized by statute presents a question of law, which we review de novo.[11]

## ANALYSIS

### Excessive Sentences Claim

We begin by considering Starks' claim that his sentences are excessive.

The first step in analyzing whether sentences are excessive is to examine the statutory limits on penalties for such offenses.[12] Neb. Rev. Stat. § 28-105 (Cum. Supp. 2020) sets maximum penalties for the felony offenses at issue here. Under that statute, a Class IIA felony is punishable by a maximum term of 20 years' imprisonment and a Class IV felony is punishable by a maximum term of 2 years' imprisonment.[13]

---

[8] See *State v. Guzman*, 305 Neb. 376, 940 N.W.2d 552 (2020).

[9] See *Clausen, supra* note 6.

[10] *State v. Galvan*, 305 Neb. 513, 941 N.W.2d 183 (2020), *modified on denial of rehearing* 306 Neb. 498, 945 N.W.2d 888.

[11] See *State v. Kantaras*, 294 Neb. 960, 885 N.W.2d 558 (2016).

[12] See *Clausen, supra* note 6.

[13] § 28-105(1).

Starks was sentenced to 8 to 16 years' imprisonment for his Class IIA felony and 2 years' imprisonment for each of his Class IV felonies. Those sentences did not exceed the limits of § 28-105(1). Consequently, our analysis of whether Starks' sentences are excessive is limited to a review for abuse of discretion.[14]

Before imposing Starks' sentences, the district court stated that it "ha[d] considered everything in the [PSI report]" and everything stated at the sentencing hearing. Starks characterizes this analysis as inadequate. He contends that it demonstrates the district court's failure to adequately weigh various factors that mitigated the severity of his offenses. According to Starks, "the district court abused its discretion by tailoring the sentence to the crime, not the individual offender."[15]

[7,8] In reviewing whether an abuse of discretion occurred during sentencing, an appellate court determines whether the sentencing court considered and applied the relevant factors and any applicable legal principles in determining the sentence to be imposed.[16] Relevant factors in that analysis may include the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime.[17]

[9-11] While these factors should instruct a sentencing court, they do not comprise a mathematical formula that must be rigidly implemented.[18] Rather, they are among the relevant factors that may be considered.[19] A sentence should

---

[14] See *Clausen, supra* note 6.

[15] Brief for appellant at 5.

[16] See *State v. Stack*, 307 Neb. 773, 950 N.W.2d 611 (2020).

[17] See *Clausen, supra* note 6.

[18] See *State v. Gray*, 307 Neb. 418, 949 N.W.2d 320 (2020).

[19] See *id.* See, also, *Clausen, supra* note 6.

be tailored and based on factors that "fit the offender and not merely the crime."[20] The appropriateness of a sentence is necessarily a subjective judgment that includes the sentencing judge's observation of the defendant's demeanor and attitude and of all the facts and circumstances surrounding the defendant's life.[21]

Here, the sources cited in the district court's order amply support the sentences that were imposed. Both the parties' testimony and the PSI report provide highly personalized, relevant evidence about Starks' life, character, and previous conduct.[22]

And while some of that evidence mitigated the severity of Starks' offenses, other evidence did not. The evidence revealed, for example, Starks' lengthy criminal history, including previous convictions for drug use and theft; his troubling signs of drug and alcohol abuse and of antisocial behavior; and his resistance to rehabilitative efforts in the past, as demonstrated by his noncooperation with the terms of probation following his possession of a controlled substance conviction. These individualized factors led to a sentencing recommendation in the PSI report of a term of incarceration based on Starks' "very high risk to re-offend."

[12] It is not this court's function to conduct a de novo review and a reweighing of the sentencing factors in the record.[23] Instead, it is enough for us to conclude that the district court's reasons for Starks' sentences are not clearly untenable and do not unfairly deprive him of a substantial right and just result.[24] We thus cannot say that Starks' sentences are an abuse of discretion. Starks' lone assigned error is without merit.

---

[20] See *State v. Gibson*, 302 Neb. 833, 844, 925 N.W.2d 678, 686 (2019) (citing *State v. Harrison*, 255 Neb. 990, 588 N.W.2d 556 (1999)).

[21] *Clausen, supra* note 6.

[22] See *State v. Hurd*, 307 Neb. 393, 949 N.W.2d 339 (2020).

[23] See *State v. Montoya*, 305 Neb. 581, 941 N.W.2d 474 (2020).

[24] See *id.* See, also, *Clausen, supra* note 6.

### Pʟᴀɪɴ Eʀʀᴏʀ Aɴᴀʟʏsɪs

The State notes in its brief that even though Starks' sentences are not excessive, the district court's formulation of those sentences was, in part, erroneous. According to the State, the district court erred in rendering determinate sentences for each of Starks' Class IV felonies.

[13-15] We recently explained the distinction between a determinate and indeterminate sentence:

"A determinate sentence is imposed when the defendant is sentenced to a single term of years, such as a sentence of 2 years' imprisonment. . . . In contrast, when imposing an indeterminate sentence, a sentencing court ordinarily articulates either a minimum term and maximum term or a range of time for which a defendant is to be incarcerated. In Nebraska, the fact that the minimum term and maximum term of a sentence are the same does not affect the sentence's status as an indeterminate sentence."[25]

Starks' sentences for the Class IV felonies were determinate because they each consisted of a single term of 2 years' imprisonment. The district court did not list a range of terms or minimum and maximum terms. For each Class IV felony, only a single period of incarceration—2 years—was ordered.

Accordingly, the State contends that the district court's formulation of Starks' sentences was plain error under Neb. Rev. Stat. § 29-2204 (Reissue 2016) and § 29-2204.02. Under § 29-2204, the general rule is that the sentence for most felonies—except Class III, Class IIIA, and Class IV felonies—should be indeterminate. In complement, § 29-2204.02(4) then provides an indeterminacy requirement for some Class III, Class IIIA, and Class IV felony sentences:

For any sentence of imprisonment for a Class III, IIIA, or IV felony for an offense committed on or after

---

[25] *State v. Thompson*, 301 Neb. 472, 483, 919 N.W.2d 122, 130 (2018) (quoting *State v. Artis*, 296 Neb. 172, 893 N.W.2d 421 (2017), *modified on denial of rehearing* 296 Neb. 606, 894 N.W.2d 349).

August 30, 2015, imposed consecutively or concurrently
with . . . a sentence of imprisonment for a Class I, IA,
IB, IC, ID, II, or IIA felony, *the court shall impose an
indeterminate sentence* within the applicable range in sec-
tion 28-105 that does not include a period of post-release
supervision, in accordance with the process set forth in
section 29-2204.

(Emphasis supplied.)

For purposes of this indeterminacy requirement, it matters
not when the underlying offenses occurred in relation to each
other or that some of the relevant charges were brought via
different charging documents. Section 29-2204.02(4) is broad
enough that it theoretically could be read to impose an indeter-
minacy requirement upon a Class III, Class IIIA, or Class IV
felony sentence imposed consecutively or concurrently with a
Class I, IA, IB, IC, ID, II, or IIA felony sentence that is already
in progress. What matters under § 29-2204.02(4) is that the
sentences for those offenses are "imposed consecutively or
concurrently" to each other.

On our de novo review, we agree with the State. Because
Starks' Class IIA and Class IV felony sentences were imposed
consecutively, § 29-2204.02(4) required that the Class IV
felony sentences be formulated as "indeterminate sentence[s]."
Yet, Starks was sentenced to determinate terms of 2 years'
imprisonment. These sentences violated § 29-2204.02(4).

[16,17] The failure to impose an indeterminate sentence
when required to do so by statute constitutes plain error.[26]
An appellate court has the power on direct appeal to remand
a cause for the imposition of a lawful sentence where an
erroneous one has been pronounced.[27] We therefore find that
Starks' three sentences for Class IV felonies were plain error,

---

[26] See, *Galvan, supra* note 10; *Guzman, supra* note 8.

[27] *Guzman, supra* note 8. See *State v. Valdez*, 305 Neb. 441, 940 N.W.2d 840
(2020).

and we vacate those sentences and remand the cause to the district court for resentencing.

## CONCLUSION

We vacate in their entirety the sentences imposed by the district court for Starks' three Class IV felonies. We otherwise affirm the judgment of the district court and remand the cause to the district court for resentencing for Starks' three Class IV felonies.

AFFIRMED IN PART, AND IN PART VACATED
AND REMANDED FOR RESENTENCING.

FREUDENBERG, J., not participating.

CASSEL, J., concurring.

Because (1) the court today correctly holds that Neb. Rev. Stat. § 29-2204.02(4) (Reissue 2016) applies to charges "brought via different charging documents," i.e., in separately docketed cases; (2) this court has characterized the failure to impose an indeterminate sentence when required to do so by statute as plain error[1]; and (3) it is not unusual for the sentencing judgment in a particular case to record only the sentence(s) imposed in that case, I make two suggestions. An appellate court should be careful to find plain error only where it is reasonably certain it has the "whole picture." A sentencing court should craft its judgment in each case with some thought regarding how that judgment, viewed in isolation, might appear to an appellate court.

---

[1] See *State v. Guzman*, 305 Neb. 376, 940 N.W.2d 552 (2020). See, also, *State v. Dill*, 300 Neb. 344, 913 N.W.2d 470 (2018).