IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. FRENCH

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

LOUIS F. FRENCH, JR., APPELLANT.

Filed May 25, 2021.    Nos. A-21-024 through A-21-026.

Appeals from the District Court for Douglas County: SHELLY R. STRATMAN, Judge.
Affirmed as modified.

Thomas C. Riley, Douglas County Public Defender, and Jami L. Jacobs for appellant.

Douglas J. Peterson, Attorney General, and Siobhan E. Duffy for appellee.

MOORE, RIEDMANN, and BISHOP, Judges.

MOORE, Judge.

INTRODUCTION

Louis French, Jr. appeals from his plea-based convictions in three separate cases in the District Court for Douglas County. The three cases were consolidated on appeal. French asserts that the sentences imposed are excessive. Finding no abuse of discretion by the district court, we affirm French's sentences in each case. However, we find that the district court plainly erred in awarding French credit for time served in case No. A-21-026 and we modify the sentence in that case to eliminate the credit.

BACKGROUND

*Case No. A-21-024.*

On August 16, 2019, an information was filed charging French with terroristic threats, a Class IIIA felony, and possession of a deadly weapon (not a firearm) by a prohibited person, a

- 1 -

Class III felony. According to the factual basis given, the victim in this case reported that French entered her garage and threatened her with a hatchet. French also reportedly kicked a friend of the victim in the head. A hatchet was located at the scene of the investigation, near the area where the police subsequently located French. At the time of this offense, French was a previously convicted felon.

*Case No. A-21-025.*

On August 16, 2019, an information was filed charging French with second degree assault, a Class IIA felony, and use of a deadly weapon (not a firearm) to commit a felony, a Class II felony. The factual basis showed that the victim in this case reported that French cut him with a knife for the purpose of obtaining information. As a result, the victim was hospitalized, where he received stitches for the injury. The victim further reported that French punched his girlfriend, resulting in injuries that required hospitalization.

*Case No. A-21-026.*

On January 23, 2020, an information was filed charging French with murder in the first degree, a Class IA felony, and use of a deadly weapon (not a firearm) to commit a felony, a Class IIA felony. The information was amended on October 22, 2020, which amended the murder charge to manslaughter, a Class IIA felony. The deadly weapons charge remained the same. According to the factual basis in this case, officers responded to an apartment where they found the victim deceased, wrapped inside of a rug, and stuffed inside of a couch. The victim was in a decomposed state at the time the body was discovered. Three people witnessed French beat the victim with his hands and feet and use a chain with a lock attached to strike the victim. French also directed the three witnesses to hold a ligature wrapped around the victim's neck. The autopsy reported that the victim suffered multiple beating injuries, including broken bones; the ligature injuries were undetermined because of the decomposed state of the victim.

*Plea Hearing.*

A combined plea hearing was held on October 21, 2020, in all three cases. In case No. A-21-024, French pled no contest to the count of possession of a deadly weapon, and the State dismissed the count of terroristic threats. In case No. A-21-025, French pled no contest to the second degree assault charge, and the State dismissed the deadly weapon charge. In case No. A-21-026, French pled no contest to both counts.

The court then found beyond a reasonable doubt that French understood the nature of the charges and possible sentences; that his pleas were made freely, knowingly, intelligently, and voluntarily; and that the factual bases were sufficient to support French's pleas. The court accepted French's pleas of no contest to all charges and ordered a presentence investigation.

*Sentencing Hearing.*

A combined sentencing hearing for all three cases was held on December 16, 2020. At the hearing, defense counsel indicated that he was not asking the court to impose probation, acknowledging that a sentence of probation would depreciate the serious nature of the crimes.

In case No. A-21-024, the court imposed a sentence of 3 to 4 years' imprisonment with credit for 504 days of time served. In case No. A-21-025, the court imposed a sentence of 12 to 18

years' imprisonment, which was ordered to run consecutively to the charges in case No. A-21-024. In case No. A-21-026, for the manslaughter charge, the court imposed a sentence of 19 to 20 years' imprisonment. For the deadly weapon charge, the court imposed a sentence of 30 to 40 years imprisonment. The court ordered the sentences in these counts to run consecutively to each other and to the sentences in cases Nos. A-21-024 and A-21-025. French was granted 378 days of time served.

Between all three dockets, French's total combined sentence was 64 to 82 years' imprisonment. French now appeals.

## ASSIGNMENT OF ERROR

French assigns that the district court abused its discretion by ordering him to serve an excessive sentence because the court failed to reasonably consider the relevant sentencing factors, including his age, mentality, education and experience, social and cultural background, and past criminal record.

## STANDARD OF REVIEW

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Garcia,* 302 Neb. 406, 923 N.W.2d 725 (2019). An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *State v. Martinez*, 306 Neb. 516, 946 N.W.2d 445 (2020).

Whether a defendant is entitled to credit for time served and in what amount are questions of law, subject to appellate review independent of the lower court. *State v. Mueller*, 301 Neb. 778, 920 N.W.2d 424 (2018).

## ANALYSIS

*Excessive Sentence.*

Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether a sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed. *State v. Becker*, 304 Neb. 693, 936 N.W.2d 505 (2019). In determining a sentence to be imposed, relevant factors customarily considered and applied are the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime. *Id*. However, the sentencing court is not limited to any mathematically applied set of factors. *State v. Majikian*, 303 Neb. 100, 927 N.W.2d 48 (2019). The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id*.

In case No. A-21-024, French was convicted of possession of a deadly weapon (not a firearm) by a prohibited person, a Class III felony, in violation of Neb. Rev. Stat. § 28-1206(1)(a) and (3)(a) (Cum. Supp. 2018). A Class III felony is punishable by a maximum of 4 years' imprisonment or a $25,000 fine or both, with no minimum sentence required. Neb. Rev. Stat.

§ 28-105 (Cum. Supp. 2020). Here, French was sentenced to 3 to 4 years' imprisonment, which is within the statutory limits. In cases Nos. A-21-025 and A-21-026, French was convicted of second degree assault and manslaughter, both of which are Class IIA felonies in violation of Neb. Rev. Stat. §§ 28-309(1)(a) and 28-1205(1)(a) and (b) (Reissue 2016). A Class IIA felony is punishable by a maximum sentence of 20 years' imprisonment with no minimum statutory sentence required. § 28-105. For these convictions, French received sentences of 12 to 18 years' imprisonment and 19 to 20 years' imprisonment, respectively. Both of these sentences were also within the statutory limits. In case No. A-21-026, French was convicted of use of a deadly weapon (not a firearm) to commit a felony, a Class II felony, in violation of Neb. Rev. Stat. § 28-305(1) (Ressue 2016). A Class II felony is punishable by a minimum of 1 year's imprisonment and a maximum of 50 years' imprisonment. § 28-105. For this conviction, French received a sentence of 30 to 40 years' imprisonment, which is again within the statutory limits. Because the sentences imposed were all within the statutory limits, we turn to examine the relevant factors in order to determine if the sentences imposed were excessive.

French was 37 years old at the time of the presentence investigation. He was unmarried with no dependents, although he specifically acknowledged having two children and then made a vague reference to having fathered other children. French stopped attending school in the ninth grade, but later earned his high school diploma in prison in 2010. At the time of the presentence investigation (PSI), French was incarcerated and therefore unemployed, and reported that he had never had a job for longer than 3 months and had not been employed since 2014. French reported that he generally earned money by involving himself in illegal activities including drug trade. French admitted to living a "nomadic" lifestyle and acknowledged that he was predominantly homeless. French reported an extensive history of alcohol and drug use, describing himself as a "raging alcoholic" and also reported experiences with marijuana, heroin, cocaine, and methamphetamine. He also reported mental health issues and a difficult upbringing. French previously participated in a 30-day residential treatment program in Omaha, Nebraska, but was only able to remain clean and sober for 30 to 40 days.

The PSI shows that French has an extensive criminal history. His convictions include liquor in the possession of a minor, driving under the influence, felony going armed with intent, felony willful injury, domestic abuse assault, felony aggravated assault with a weapon, disorderly conduct (six times), public intoxication (nine times), failure to obey a peace officer, criminal mischief, assault and battery (five times), trespassing (twice), failure to appear, liquor in an open container, disturbing the peace, assault in the third degree (twice), possession of marijuana, obstructing an officer, and false information. French has previously had both probation and supervised release revoked for violations. On the Level of Service/Case Management Inventory, French scored in the high risk level for recidivism.

Upon review of the record, we cannot say that the district court abused its discretion in imposing a total combined sentence of 64 to 82 years' imprisonment. Prior to issuing the sentences, the court stated that it had read the presentence investigation and considered the statutory sentencing factors. The court noted that French had been unable to rehabilitate himself in the past despite opportunities to do so. The district court further noted that French's criminal history shows that his substance abuse and violence has continued to escalate, indicating an extreme need for rehabilitation. The court found that allowing French to seek rehabilitation out in society is too large

of a risk based on his past inability to address his substance abuse concerns in the community. Considering French's extensive criminal history and violent behavior, and the circumstances of these crimes, the decision to impose a combined sentence of 64 to 82 years' imprisonment is not clearly untenable or unreasonable, nor does the record reflect it was based on any inappropriate factors.

*Credit for Time Served.*

The State asserts that the district court committed plain error in regard to the credit given for time served in case No. A-21-026. Plain error exists where there is an error, plainly evident from the record but not complained of at trial, which prejudicially affects a substantial right of a litigant and is of such a nature that to leave it uncorrected would cause a miscarriage of justice or result in damage to the integrity, reputation, and fairness of the judicial process. *State v. Starks*, 308 Neb. 527, 955 N.W.2d 313 (2021). A sentence that is contrary to the court's statutory authority is an appropriate matter for plain error review. *Id*. Whether a sentence is authorized by statute presents a question of law, which we review de novo. *Id*.

Neb. Rev. Stat. § 83-1,106(1) (Reissue 2014) provides, in part, that credit against the maximum term and any minimum term shall be given to an offender for time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Section 83-1,106(4) provides:

> If the offender is arrested on one charge and prosecuted on another charge growing out of conduct which occurred prior to his or her arrest, credit against the maximum term and any minimum term of any sentence resulting from such prosecution shall be given for all time spent in custody under the former charge which has not been credited against another sentence.

The import of subsection (4) of § 83-1,106 is that all credit available due to presentence incarceration shall be applied, but only once. *State v. Banes*, 268 Neb. 805, 688 N.W.2d 594 (2004). See, also, *State v. Mueller, supra*. In *State v. Williams*, 282 Neb. 182, 802 N.W.2d 421 (2011), when a defendant was sentenced to five consecutive 6- to 12-year terms of imprisonment, the Nebraska Supreme Court held that a 45-day credit for time served should have only been credited against the first sentence, thereby crediting the 45 days against the aggregate of the sentences imposed.

In this case, French was awarded a credit of 504 days against his sentence in case No. A-21-024 and 378 days against his sentence in case No. A-21-026. The PSI reflects that the credit in case No. A-21-024 was for time French spent in custody from July 31, 2019, through December 16, 2020. The PSI reflects the time French spent in custody in case No. A-21-026 was from December 4, 2019, through December 16, 2020, all of which were dates included in his credit in case No. A-21-024. As such, the district court's award of credit for 378 days of time served in case No. A-21-026 was in error. Therefore, the sentencing order in case No. A-21-026 is hereby modified to reflect that French should not receive any credit for time served.

- 5 -

CONCLUSION

For the foregoing reasons, we conclude that the district court did not abuse its discretion in sentencing French to combined 64 to 82 years' imprisonment in these consolidated cases. We further conclude that the district court plainly erred in awarding credit for 378 days of time served in case No. A-21-026, and we modify the sentencing order to eliminate the credit.

AFFIRMED AS MODIFIED.