IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. DENNIS

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,
V.
STEPHAN M. DENNIS, APPELLANT.

Filed February 13, 2024.    No. A-23-462.

Appeal from the District Court for Lancaster County: LORI A. MARET, Judge. Affirmed.

Mona Burton, of Anderson, Creager & Wittstruck, P.C., L.L.O., for appellant.

Michael T. Hilgers, Attorney General, and P. Christian Adamski for appellee.

PIRTLE, Chief Judge, and MOORE and RIEDMANN, Judges.

PIRTLE, Chief Judge.

INTRODUCTION

Stephan M. Dennis was convicted in the district court for Lancaster County on one felony count of violating a protection order with a prior violation, a Class IV felony. He was sentenced to 2 to 2 years' imprisonment which is the maximum possible period of incarceration for a Class IV felony. This sentence was set to run consecutively to the period of incarceration he was already serving. On appeal, Dennis assigns his trial counsel was ineffective and that the district court abused its discretion in sentencing him to 2 to 2 years' imprisonment. For the following reasons, we affirm.

BACKGROUND

On May 25, 2022, a domestic abuse protection order was placed against Dennis by Kaitlyn Brown. Six days later, on May 31, Dennis was charged with two misdemeanor counts of violating that protection order. On June 29, as part of a plea agreement, Dennis pled guilty to one

misdemeanor count of violating the protection order and the other count was dismissed. On July 15, Dennis was sentenced to 120 days in jail.

After he was released from that period of incarceration, Dennis was arrested for possession of a firearm by a prohibited person. Pursuant to a plea agreement, he pled guilty to attempted possession of a firearm by a prohibited person and was convicted. While he was awaiting his sentencing hearing, Dennis was incarcerated at the Lancaster County Jail between February 1 and 14, 2023. Over the course of this period, Dennis utilized other inmates' accounts to contact Brown approximately 11 times in violation of the protection order. On February 23, Dennis was charged with one count of violating the protection order with a prior violation, a Class IV felony. On June 12, as part of a plea agreement, Dennis pled no contest to the felony charge and the State agreed to not file additional counts. Dennis waived the completion of a PSI for this conviction and asked to be sentenced the same day.

Prior to the court levying its sentence, the court stated it reviewed the PSI concerning the conviction that Dennis was already incarcerated for, the police reports for the current charge, and Dennis' criminal history. Additionally, Dennis and his attorney were given the opportunity to speak. Dennis stated that he took responsibility for his actions and wanted "to get this over with." Dennis' attorney indicated that Dennis was already incarcerated and asked the court to consider that Dennis expediated the proceedings. The State then asked the court to consider that Dennis had already violated the same protection order, that he is a convicted felon, and that he has gang ties.

In levying Dennis' sentence, the court first stated there were substantial and compelling reasons why Dennis cannot effectively be supervised on probation. The court articulated that his imprisonment was necessary for the protection of the public because he was likely to engage in additional criminal conduct if put on probation and because a lesser sentence would depreciate the seriousness of his crimes and promote disrespect for the law. The court proceeded to sentence Dennis to 2 to 2 years' imprisonment to run consecutive to the sentence he was already serving.

## ASSIGNMENTS OF ERROR

Restated, Dennis assigns that he was denied the effective assistance of counsel at the trial level because his trial counsel failed to communicate and adequately meet with him. Dennis also assigns the district court abused its discretion by imposing an excessive sentence.

## STANDARD OF REVIEW

The fact that an ineffective assistance of counsel claim is raised on direct appeal does not necessarily mean that it can be resolved on direct appeal; the determining factor is whether the record is sufficient to adequately review the question. *State v. Blake*, 310 Neb. 769, 969 N.W.2d 399 (2022). The record is sufficient to resolve on direct appeal a claim of ineffective assistance of counsel if the record affirmatively proves or rebuts either deficiency or prejudice with respect to the defendant's claims. *Id.*

A sentence imposed within statutory limits will not be disturbed on appeal in the absence of an abuse of discretion by the trial court. *State v. Earnest*, 315 Neb. 527, 997 N.W.2d 589 (2023). An abuse of discretion takes place when the sentencing court's reasons or rulings are clearly untenable and unfairly deprive a litigant of a substantial right and a just result. *Id.*

ANALYSIS

*Ineffective Assistance of Trial Counsel.*

In so far as it relates to Dennis' claim that his trial counsel was ineffective, Dennis' appellate brief does not comply with the Nebraska Court Rules of Appellate Practice. Dennis' argument concerning the purported ineffectiveness of his trial counsel does not match his assignment of error. To be considered by an appellate court, an alleged error must be both specifically assigned and specifically argued in the brief of the party assigning the error. *Bellino v. McGrath North*, 274 Neb. 130, 738 N.W.2d 434 (2007). See also Neb. Ct. R. App. P. § 2-109(D)(1)(e) (consideration of case will be limited to errors assigned and discussed in brief). Dennis assigns that his trial counsel was ineffective because she failed to communicate and adequately meet with him. However, Dennis' argument discusses that his trial counsel was ineffective because she did not object to the district court reviewing the PSI that was made after his prior conviction. Because Dennis' assignment is not argued and his specific argument is not assigned, we do not address the issue of whether Dennis' trial counsel was ineffective.

*Excessive Sentence.*

Dennis next assigns the district court abused its discretion by imposing an excessive sentence. When imposing a sentence, a sentencing judge should consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense, and (8) the amount of violence involved in the commission of the crime. *State v. Roth*, 311 Neb. 1007, 977 N.W.2d 221 (2022). However, it is not necessary for a sentencing court to articulate on the record that it has considered each sentencing factor nor to make specific findings as to the facts pertaining to the factors or the weight given to them. *State v. Greer*, 309 Neb. 667, 962 N.W.2d 217 (2021).

Dennis' conviction for violating a protection order with a prior conviction is a Class IV felony punishable by a maximum term of 2 years' imprisonment and 12 months' post-release supervision or a $10,000 fine, or both. Neb. Rev. Stat. § 28-105 (Cum. Supp. 2022). Accordingly, the district court's sentence of 2 to 2 years' imprisonment was within the appropriate statutory range.

When sentences imposed within statutory limits are alleged on appeal to be excessive, the appellate court must determine whether the sentencing court abused its discretion in considering well-established factors and any applicable legal principles. *State v. Roth, supra.* A judicial abuse of discretion exists only when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Id.*

We do not find the district court sentencing Dennis to the maximum possible term of imprisonment to be clearly untenable. It is not this court's function to conduct a de novo review and a reweighing of the sentencing factors in the record. *State v. Starks*, 308 Neb. 527, 955 N.W.2d 313 (2021). Instead, it is enough for us to conclude that the district court's reasons for Dennis' sentences are not clearly untenable and do not unfairly deprive him of a substantial right and just result. See *id.* Because Dennis waived a PSI in this matter, the district court reviewed the PSI that

was created for Dennis' 2023 conviction for attempted possession of a firearm by a prohibited person.

This PSI shows that Dennis has a significant criminal history. His record reflects multiple juvenile offenses: a 2013 conviction for carrying a concealed weapon; a 2013 conviction for possession of a controlled substance; a 2014 conviction for first degree assault; a 2014 conviction for third degree assault; a 2015 conviction for third degree assault; a 2016 conviction for criminal mischief; and a 2016 conviction for third degree assault. Dennis participated in periods of probation for each of these convictions where he compiled multiple violations. This culminated in him being unsatisfactorily released from probation each time.

Upon aging out of juvenile offenses, Dennis' criminal record continued with the following convictions: a 2017 conviction for damage to property; a 2017 conviction for third degree assault; three 2018 convictions for assault on an officer with bodily fluid; three 2018 convictions for third degree assault; a 2019 conviction for terroristic threats; a 2019 conviction for theft by unlawful taking; several 2022 traffic citations for driving without a license, registration, and insurance; the 2022 conviction related to his initial violation of the protection order; and the 2023 conviction for attempted possession of a firearm by a prohibited person which prompted the creation of the PSI.

Utilizing the Level of Service/Case Management Inventory, the PSI reported that Dennis was a "Very High Risk" to reoffend. The assessment scored him as a "Very High" risk in the Companions and Anti-Social Pattern categories and a "High" risk in the Criminal History, Education/Employment, Leisure/Recreation, and Procriminal Attitude categories. The Standardized Risk Assessment Reporting Format also reflected that he had a "High Risk" for recidivism.

In addition to the information contained in the PSI, we also note the circumstances of Dennis' conviction in this matter. After already serving a period of incarceration for violating the protection order entered against him by Brown and while still incarcerated on another charge, he proceeded to violate the same protection order 11 more times. Considering Dennis' criminal history, risk of recidivism, and that he repeatedly committed the same crime for which he had already been incarcerated, we do not believe the district court sentencing him to the maximum possible term of imprisonment was clearly untenable. Accordingly, we conclude the district court did not abuse its discretion in imposing a sentence of 2 to 2 years' imprisonment that was set to run consecutive to his current period of incarceration.

## CONCLUSION

We do not address Dennis' assignment of error claiming his trial counsel was ineffective because it fails to comply with Neb. Ct. R. App. P. § 2-109(D)(1)(e). Additionally, we find the district court did not abuse its discretion in sentencing Dennis to 2 to 2 years' imprisonment to run consecutive to his current period of incarceration.

AFFIRMED.

- 4 -