IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. RANDALL

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

CONRAD RANDALL, APPELLANT.

Filed May 14, 2024.    No. A-23-1041.

Appeal from the District Court for Dawes County: TRAVIS P. O'GORMAN, Judge. Affirmed in part, and in part vacated and remanded for resentencing.

Andrew M. Pope, of Crites, Shaffer, Connealy, Watson, Patras & Watson, P.C., L.L.C., for appellant.

Michael T. Hilgers, Attorney General, and Melissa R. Vincent for appellee.

PIRTLE, Chief Judge, and RIEDMANN and WELCH, Judges.

RIEDMANN, Judge.

## INTRODUCTION

Conrad Randall was convicted of second degree domestic assault and use of a deadly weapon to commit a felony in the Dawes County District Court. Randall appeals his plea-based conviction, assigning only that he received an excessive sentence. The State asserts that the district court committed plain error by imposing a determinate sentence for one of Randall's convictions. For the reasons set forth below, we affirm in part, and in part vacate the sentencing order and remand to the district court for resentencing.

## BACKGROUND

In June 2023, Chadron Police Officers responded to a report of a domestic physical altercation involving dangerous instruments. Upon arrival, officers identified the victim and her

son. The victim told officers that Randall had shot her on the right side of the forehead with an air rifle, hit her with a hammer on her right arm and leg, and choked her. Officers noted that the victim had injuries consistent with her report. The victim told officers she had fled the residence, went to her son's house, and called the police.

The victim told officers that Randall had "been hitting [her] ever since he got back out of jail." She recounted that the most recent altercation began because they had run out of alcohol, and she did not have the money to get more. Officers received permission to search the home and located the hammer and air rifle used on the victim. She told officers she believed Randall would "kill her," so she was staying with a neighbor that night.

Later that night, the victim called officers to alert them she saw Randall running through the trailer park and into their residence. Officers conducted a second search of the residence and found Randall hiding in the shower. Randall was arrested and later charged with second degree domestic assault, strangulation, use of a deadly weapon (firearm) to commit a felony, and use of a deadly weapon (other than a firearm) to commit a felony.

In October 2023, Randall's counsel informed the district court that they had reached a plea agreement with the State. In return for his plea of guilty or no contest, the State amended Randall's charges to second degree domestic assault and use of a deadly weapon to commit a felony. The district court confirmed with Randall that he understood the charges against him, his constitutional rights that he would be waiving, and the possible penalties incurred by pleading guilty or no contest. Randall subsequently pled no contest. The district court found that Randall understood his rights and knowingly, intelligently, and voluntarily waived his rights. It found Randall guilty of second degree domestic assault and use of a deadly weapon to commit a felony.

At the sentencing hearing, the State informed the district court that Randall was additionally charged with witness tampering for attempting to influence the victim's cooperation in depositions. The district court acknowledged that it considered the presentence investigation report (PSR) and the requisite sentencing factors. It emphasized that Randall was already on probation for a domestic violence conviction at the time of the present offense, and he violated his probation. It stated that anything less than a period of incarceration would depreciate the seriousness of the offense and promote a disrespect for the law. It sentenced Randall to 3 years' imprisonment for his second degree domestic assault conviction, a Class III felony, and 3 to 5 years' imprisonment for his use of a deadly weapon to commit a felony conviction, a Class II felony. The sentences were to run consecutively. Randall appeals.

ASSIGNMENTS OF ERROR

Randall assigns the district court abused its discretion by imposing an excessive sentence. The State asserts plain error by the district court in sentencing Randall on his conviction for second degree domestic assault.

STANDARD OF REVIEW

An appellate court will not disturb a sentence imposed within statutory limits unless the sentence was abuse of discretion. *State v. Clausen*, 307 Neb. 968, 951 N.W.2d 764 (2020). An abuse of discretion takes place when the sentencing court's reasons or rulings are clearly untenable and unfairly deprive a litigant of a substantial right and a just result. *Id*.

Plain error exists where there is an error, plainly evident from the record but not complained of at trial, which prejudicially affects a substantial right of a litigant and is of such a nature that to leave it uncorrected would cause a miscarriage of justice or result in damage to the integrity, reputation, and fairness of the judicial process. *State v. Starks*, 308 Neb. 527, 955 N.W.2d 313 (2021). A sentence that is contrary to the court's statutory authority is an appropriate matter for plain error review. *Id*. Whether a sentence is authorized by statute presents a question of law, which we review de novo. *Id*.

ANALYSIS

Before addressing Randall's assignment of error, we address the State's argument that the district court plainly erred in its sentence. The State argues that the district court violated Neb. Rev. Stat. § 29-2204 (Cum. Supp. 2022) because it imposed a determinate sentence for Randall's conviction for second degree domestic assault. We agree.

Under § 29-2204, the general rule is that the sentence for most felonies—except Class III, Class IIIA, and Class IV felonies—should be indeterminate. In complement, Neb. Rev. Stat. § 29-2204.02(4) (Reissue 2016) provides

> For any sentence of imprisonment for a Class III, IIIA, or IV felony for an offense committed on or after August 30, 2015, imposed consecutively or concurrently with . . . a sentence of imprisonment for a Class I, IA, IB, IC, ID, II, or IIA felony, the court shall impose an indeterminate sentence within the applicable range in section 28-105 that does not include a period of post-release supervision, in accordance with the process set forth in section 29-2204.

Upon our de novo review, we agree with the State. Randall was sentenced to a determinate sentence of 3 years' imprisonment for his second degree assault conviction, a Class IIIA felony, and an indeterminate sentence of 3 to 5 years' imprisonment for his use of a deadly weapon to commit a felony conviction, a Class II felony. The district court ordered that Randall serve the sentences consecutively. Section 29-2204.02(4) required that the sentence for a Class IIIA felony be formulated as an indeterminate sentence; thus, the current sentence violates § 29-2204.02(4).

The failure to impose an indeterminate sentence when required to do so by statute constitutes plain error. *State v. Starks, supra*. An appellate court has the power on direct appeal to remand a cause for the imposition of a lawful sentence where an erroneous one has been pronounced. *Id*. We therefore find that Randall's sentence for a Class IIIA felony was plain error, vacate his sentence for his conviction for second degree domestic assault, and remand the cause to the district court for resentencing on this conviction only.

Since Randall's sentence for his conviction for second degree assault is vacated, the review of his excessive sentence claim is limited to his sentence for his conviction of use of a deadly weapon to commit a felony. Randall argues that the district court did not appropriately consider the sentencing factors, namely, that Randall's criminal history was not lengthy, and the district court did not adequately consider Randall's "substance use, mental health, and that he was currently on a term of probation, in coming to its sentence." Brief for appellant at 9.

Randall was convicted of use of a deadly weapon to commit a felony, which is a Class II felony. A Class II felony carries a minimum term of 1 year imprisonment and a maximum term of

50 years' imprisonment. Neb. Rev. Stat. § 28-105 (Cum. Supp. 2022). Randall was sentenced to 3 to 5 years' imprisonment; thus, his sentence falls within the statutory guidelines, and we review for abuse of discretion.

An abuse of discretion in imposing a sentence occurs when a sentencing court's reasons or rulings are clearly untenable and unfairly deprive the litigant of a substantial right and just result. *State v. Artis*, 296 Neb. 172, 893 N.W.2d 421 (2017).

When imposing a sentence, a sentencing judge should customarily consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime. *State v. Blake*, 310 Neb. 769, 969 N.W.2d 399 (2022). The sentencing court is not required to articulate on the record that it has considered each sentencing factor or make specific findings as to the facts pertaining to the factors or weight given to them. *State v. Greer*, 309 Neb. 667, 962 N.W.2d 217 (2021). The sentencing court is not limited to any mathematically applied set of factors, but the appropriateness of the sentence is necessarily a subjective judgment that includes the sentencing judge's observations of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id*.

The PSR indicates that Randall was 39 years old at the time of sentencing. The highest level of education that Randall completed was ninth grade. He scored as a moderate to high risk-level for substance misuse on the Simple Screening Instrument. For his mental health screen, Randall scored 3 of 17 items indicated, meaning no further mental health intervention was recommended.

Prior to his current conviction, Randall was sentenced to probation after being convicted for third degree domestic violence. Randall did not complete any condition of probation and eventually absconded. Randall also has been convicted multiple times of disturbing the peace and theft. During the pendency of this case, Randall was convicted of attempted violation of a domestic abuse protection order. He was placed at a high risk for recidivism according to the Standardized Risk Assessment Reporting Format for substance abuse offenders.

Using a deadly weapon to commit a felony is a serious offense, especially when viewing it in conjuncture with Randall's previous violent offenses. Randall acted violently toward the victim, hitting her with a hammer and air rifle, as well as choking her. The apparent motivation for the offense was that Randall was upset she did not have enough money to buy more alcohol to feed his admitted substance abuse.

Randall argues on appeal that the district court did not adequately consider the statutory factors for sentencing. But the record refutes his argument. The district court acknowledged each of the requisite sentencing factors in its sentence. It discussed Randall's criminal history, most notably, that he was already on probation for a domestic violence conviction. Randall violated his probation by committing another act of domestic violence, and this time, he used a deadly weapon. The district court is under no duty to make specific findings of fact regarding each sentencing factor. See *State v. Greer, supra*. Randall fails to show how the district court abused its discretion in sentencing him to 3 to 5 years' imprisonment for his use of a deadly weapon to commit a felony conviction.

## CONCLUSION

For the foregoing reasons, we affirm Randall's sentence for his use of a deadly weapon to commit a felony conviction. However, we vacate his sentence for his second degree domestic assault conviction and remand the matter to the district court for resentencing on this conviction only.

AFFIRMED IN PART, AND IN PART VACATED
AND REMANDED FOR RESENTENCING.