IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. ECKMANN

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

AMANDA L. ECKMANN, APPELLANT.

Filed February 4, 2025.    No. A-24-620.

Appeal from the District Court for Lancaster County: RYAN S. POST, Judge. Affirmed.

Paul A. Payne, of Naylor & Rappl Law Office, for appellant.

Michael T. Hilgers, Attorney General, and Teryn Blessin for appellee.

PIRTLE, BISHOP, and ARTERBURN, Judges.

ARTERBURN, Judge.

## INTRODUCTION

Amanda L. Eckmann appeals from her plea-based convictions for criminal possession of financial transaction devices (four or more) and possession of a controlled substance (methamphetamine). On appeal, she contends that the district court imposed an excessive sentence and that her trial counsel was ineffective. For the reasons set forth herein, we affirm.

## BACKGROUND

On May 1, 2024, the State filed an information in the district court for Lancaster County, charging Eckmann with two counts: criminal possession of financial transaction devices (four or more), a Class IIA felony, and possession of a controlled substance (methamphetamine), a Class IV felony. A few days after the information was filed, Eckmann appeared before the district court and indicated that she had been preliminarily accepted into drug court and that, as a result, she wished to enter no contest pleas to the charges contained in the information. Upon the district

- 1 -

court's advisement, Eckmann confirmed that she understood that if she failed to complete drug court, she could not change her no contest pleas and she would be sentenced on the original charges.

At the plea hearing, Eckmann indicated that no one had threatened her or made promises to compel her to plead no contest. In addition, she affirmed that she understood both the constitutional rights she was waiving by pleading and the possible consequences of her plea. Eckmann informed the district court that she had been provided with sufficient time to discuss the case with her attorney, that she had told her attorney everything she knew about the case, that she was not aware of any other helpful information she could provide to her attorney, and that her attorney had not refused or neglected to do anything Eckmann requested. Eckmann acknowledged that her attorney was competent and that she was satisfied with the attorney's work.

The State provided a factual basis for Eckmann's no contest pleas. On March 3, 2024, law enforcement officers located and contacted Brook Daniels outside of a local recreation center in Lincoln, Nebraska, because he had an active arrest warrant. When officers contacted Daniels, Eckmann was walking with him. At the outset of the interaction between law enforcement officers and Daniels, he was carrying a red backpack and a blue and red children's backpack. Eckmann was carrying a small red backpack. During Daniels' conversation with officers, he handed the two backpacks he was carrying to Eckmann. In addition, Eckmann reached into Daniels' front jacket pocket and retrieved a "six-inch curved blade knife with a wooden handle." Officers took the knife from Eckmann.

Law enforcement officers also attempted to take the blue and red backpack that Daniels had handed to Eckmann from her, but she refused to let it go, screaming that the bag was hers and that Daniels had just been holding it for her. After ignoring multiple commands to let go of the backpack, Eckmann finally let officers take possession of it. The bag was searched at the scene after Daniels was formally arrested. Inside the bag, officers located drug paraphernalia, including, "snort tubes and a plastic pipe with suspected methamphetamine residue." Officers also located "a silicone puck containing trace amounts of a clear crystalized substance that pretested positive for methamphetamine."

After finding the drug paraphernalia in the blue and red backpack, law enforcement officers also placed Eckmann under arrest. Officers then searched the two red backpacks and found numerous pieces of glass pipes with suspected methamphetamine residue, two digital scales, and "two silicone pucks containing .4 grams of suspected methamphetamine." In addition to the drug paraphernalia, officers also found seven credit cards in the backpack Eckmann had been wearing. One of the credit cards was in her name, but the remaining six credit cards belonged to five different people. While Eckmann declined to speak with officers, Daniels initially stated that he and Eckmann found the credit cards in a dumpster. He later changed this story and said that he was holding on to two of the cards with permission from the owner and that the remaining cards were found in a dumpster.

Ultimately, the district court found that Eckmann understood the nature of the charges against her and the possible sentences; that her no contest pleas were made freely, voluntarily, knowingly, and intelligently; and that the factual basis supported her pleas. The court then accepted Eckmann's no contest pleas and adjudged her guilty of criminal possession of financial transaction devices and possession of a controlled substance. Given that Eckmann had indicated that she would

be attending drug court, the district court did not order a presentence report and deferred sentencing pending Eckmann's participation in the drug court program.

A little over a month after Eckmann entered her no contest pleas, she left the substance abuse treatment program she had been attending and absconded from the drug court program. She was subsequently arrested and appeared before the district court where she requested that she be permitted to voluntarily withdraw from drug court. The district court allowed Eckmann to withdraw, ordered a presentence report be prepared, and scheduled a sentencing hearing on Eckmann's original charges.

At the sentencing hearing, Eckmann's counsel acknowledged that she would probably be sentenced to a period of incarceration, rather than probation, due to her failure to complete the drug court program. However, counsel noted that Eckmann had been sober since her arrest in March 2024 and asked for a "minimal" period of incarceration so that Eckmann could continue seeking treatment in the community to maintain her sobriety.

Prior to imposing a sentence, the district court noted that it had read and reviewed the presentence report and considered the comments made by defense counsel. Specifically, the court iterated that it had considered Eckmann's age, education, recent sobriety, criminal history, and the circumstances of her offenses. The court found that imprisonment of Eckmann was necessary because a lesser sentence would depreciate the seriousness of the crimes and promote disrespect for the law. The court then sentenced Eckmann to 2 to 6 years' imprisonment on her conviction for possession of financial transaction devices and to 6 to 12 months' imprisonment on her conviction for possession of a controlled substance. The sentences were ordered to run consecutively to one another.

Eckmann appeals from her convictions and sentences here.

ASSIGNMENTS OF ERROR

Eckmann contends that (1) the sentences imposed by the district court were excessive and (2) that her trial counsel was ineffective in failing to investigate Eckmann's claims that she had permission to use or possess at least some of the financial transaction devices.

STANDARD OF REVIEW

A sentence imposed within the statutory limits will not be disturbed on appeal in the absence of an abuse of discretion by the trial court. *State v. Alkazahy*, 314 Neb. 406, 990 N.W.2d 740 (2023).

Whether a claim of ineffective assistance of counsel can be determined on direct appeal presents a question of law, which turns upon the sufficiency of the record to address the claim without an evidentiary hearing or whether the claim rests solely on the interpretation of a statute or constitutional requirement. *State v. Npimnee*, 316 Neb. 1, 2 N.W.3d 620 (2024). In reviewing a claim of ineffective assistance of counsel on direct appeal, an appellate court determines as a matter of law whether the record conclusively shows that (1) a defense counsel's performance was deficient or (2) a defendant was or was not prejudiced by a defense counsel's alleged deficient performance. *Id*.

ANALYSIS

*Excessive Sentence.*

Eckmann's first assignment of error is that the district court erred in imposing excessive sentences. She contends that the court failed to properly consider and weigh the mitigating factors which would warrant a lesser sentence, including, her minimal criminal history and her ability to maintain her sobriety after her arrest.

Eckmann pled no contest to and was convicted of criminal possession of financial transaction devices (four or more) and possession of a controlled substance. As charged, criminal possession of financial transaction devices is a Class IIA felony, punishable by up to 20 years' imprisonment. See, Neb. Rev. Stat. § 28-105 (Cum. Supp. 2022); Neb. Rev. Stat. § 28-621 (Reissue 2016). Possession of a controlled substance is a Class IV felony, punishable by up to 2 years' imprisonment. See, § 28-105; Neb. Rev. Stat. § 28-416(3) (Cum. Supp. 2022). The sentences imposed by the district court are clearly within these statutory limits.

Because Eckmann's sentences are within statutory limits, we review the district court's sentences for an abuse of discretion. In reviewing whether an abuse of discretion occurred during sentencing, an appellate court determines whether the sentencing court considered and applied the relevant factors and any applicable legal principles in determining the sentence to be imposed. *State v. Starks*, 308 Neb. 527, 955 N.W.2d 313 (2021). Relevant factors in that analysis may include the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime. *Id*. The appropriateness of a sentence is necessarily a subjective judgment that includes the sentencing judge's observation of the defendant's demeanor and attitude and all of the facts and circumstances surrounding the defendant's life. *Id*.

The presentence report ordered by the district court reflects that Eckmann is 32 years old and has an 11th grade education. She is divorced and has three minor children who are all in the custody of Eckmann's adoptive parents in Arizona. At the time of her arrest on the current charges, Eckmann was unemployed and homeless. Eckmann has a minimal criminal history, having been previously convicted of attempt of a Class IV felony, theft by shoplifting, loiter and trespass, and failure to appear (two times). She was sentenced to only a fine for each of these prior convictions.

In her statement during the presentence interview, Eckmann claimed that she was holding two of the credit cards found in her backpack with permission from the owner. She indicated that she found the other credit cards in a dumpster. Eckmann denied that any of the drug paraphernalia found in the backpacks was hers, asserting that it was all Daniels' property. Eckmann explained that she had been sober since her arrest in March 2024, but she denied needing any further substance abuse treatment. Testing conducted by the probation office revealed that Eckmann posed a very high risk of reoffense.

Despite Eckmann's assertions to the contrary on appeal, the record demonstrates that the district court sufficiently considered all of the relevant sentencing factors in making its sentencing determination. The district court indicated that it had reviewed the presentence report prior to sentencing. That report included pertinent information about Eckmann's criminal history, her recent efforts to maintain her sobriety, and her explanation for why she was found in possession

of methamphetamine and numerous credit cards with other people's names. In its comments at sentencing, the district court acknowledged this information, but found Eckmann's explanation of the events surrounding her arrest to lack credibility and expressed concern with the results of testing which revealed that Eckmann posed a very high risk of reoffense. Considering all of the relevant sentencing factors and the applicable law, we conclude that the sentences imposed by the district court were not excessive and that the court did not abuse its discretion when it sentenced Eckmann within the statutory limits.

*Ineffective Assistance of Counsel.*

Eckmann, represented by new counsel on direct appeal, also asserts that her trial counsel was ineffective in failing to thoroughly investigate her claims that she had permission to hold some of the credit cards found in the backpack. She explains that had counsel investigated such matter, she would not have pled no contest to the charge of possession of financial transaction devices. Before addressing Eckmann's ineffective assistance of counsel claim, we briefly review the well-established law governing such claims and their resolution on direct appeal.

Generally, to prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense. *State v. Mrza*, 302 Neb. 931, 926 N.W.2d 79 (2019). To show that counsel's performance was deficient, a defendant must show that counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. *Id*. In the context of a plea, to show prejudice, the defendant must demonstrate a reasonable probability that but for counsel's deficient performance, the defendant would not have pled guilty or no contest, but would have insisted on going to trial. *State v. Blaha*, 303 Neb. 415, 929 N.W.2d 494 (2019).

When a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record; otherwise, the issue will be procedurally barred in a subsequent postconviction proceeding. *State v. Miller*, 315 Neb. 951, 2 N.W.3d 345 (2024). The fact that an ineffective assistance of counsel claim is raised on direct appeal does not necessarily mean that it can be resolved. *State v. Mrza, supra*. The determining factor is whether the record is sufficient to adequately review the question. *Id*.

An ineffective assistance of counsel claim is raised on direct appeal when the claim alleges deficient performance with enough particularity for (1) an appellate court to make a determination of whether the claim can be decided upon the trial record and (2) a district court later reviewing a petition for postconviction relief to recognize whether the claim was brought before the appellate court. *State v. Golyar*, 301 Neb. 488, 919 N.W.2d 133 (2018). When a claim of ineffective assistance of counsel is raised in a direct appeal, the appellant is not required to allege prejudice; however, an appellant must make specific allegations of the conduct that he or she claims constitutes deficient performance by trial counsel. *State v. Miller, supra.*

Upon our review, we conclude that Eckmann's claim that her trial counsel provided ineffective assistance in failing to investigate her claims that she had permission to possess at least some of the credit cards in her backpack is refuted by the record. As we discussed above, during the plea hearing the district court questioned Eckmann at length about her satisfaction with her

trial counsel. During this colloquy, Eckmann affirmed that she had discussed with her attorney everything she knew about the case, that she was not aware of any other helpful information she could provide to her attorney, and that her attorney had not refused or neglected to do anything Eckmann requested. Eckmann acknowledged that her attorney was competent and that she was satisfied with the attorney's work. Given Eckmann's affirmations to the court, she cannot now claim that her trial counsel failed to investigate her claim that she had permission to possess some of the credit cards. Eckmann informed the district court that her trial counsel did not neglect to do any task that Eckmann requested her to perform. That representation must mean something. Since Eckmann's representation at the time of the plea hearing directly contradicts her present assertion, we find Eckmann's claim of ineffective assistance of trial counsel to be refuted by the record and thus, without merit.

## CONCLUSION

For the reasons stated herein, we affirm Eckmann's convictions and sentences. We also find no merit to her claim of ineffective assistance of trial counsel.

AFFIRMED.